Arnold J. WERNER and Lucille Werner, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 12445.

United States Court of Appeals Seventh Circuit.

Feb. 20, 1959.

Paul P. Lipton, Milwaukee, Wis., for appellants.

Charles K. Rice, Asst. Atty. Gen., S. Dee Hanson, Atty. Tax Division, Dept. of Justice, Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, Chief Judge, and MAJOR and HASTINGS, Circuit Judges.

MAJOR, Circuit Judge.

Arnold J. Werner (hereinafter referred to as the taxpayer) and his wife, Lucille Werner, commenced this action to recover an alleged overpayment of income tax for the calendar year 1948. After hearing, the district court, on July 1, 1958, entered judgment against plaintiffs and directed dismissal of their complaint. From this order plaintiffs appeal.

The sole issue is whether plaintiffs are entitled to have their tax liability for the year in question determined on the basis of rates applicable to married persons filing a joint return, as they contend, or on the basis of a married person (taxpayer) filing a separate return, as determined by the Commissioner and approved by the district court.

In the view which we take of the case only a brief statement of the facts is required. Prior to 1948, taxpayer each

year had filed a separate return and his wife had filed no return. Taxpayer, for the year 1948 and for some time prior thereto, was executive vice president of a corporation. The corporate returns as well as those of its officers for a number of years had been prepared by the corporation's bookkeeper, Arthur Champion. For the year 1948, an independent tax practitioner, who was a lawyer and certified public accountant, was employed to prepare the corporate returns and also those of its officials. This practitioner because of commitments to previous clients was not able to prepare either the corporate or individual returns by March 15, 1949, the due date for filing. An extension of time was requested of the local collector by both the corporation and the taxpayer. The corporation prior to due date received notice of an extension. However, the taxpayer received no notice of an extension prior to due date but subsequently received such notice in the form of a letter dated March 15, 1949.

Taxpayer, having failed to receive a notice of extension, considered it necessary that a return be made, and on March 15, 1949, had a return prepared by Champion and filed. This return was signed only by the taxpayer. He contends that this was a tentative return but that he intended, along with the corporation, to file a final return when the services of the person who had been employed for that purpose were available. Taxpayer testified that he was not familiar with the distinction between a joint return and a separate return or the income-splitting benefits of the Revenue Act of 1948, and that he received no information from Champion in regard to these matters. Taxpayer also testified that he did not request his wife to sign the original return because she had never done so in the past and he did not regard it as necessary. Taxpayer and Lucille Werner, his wife, on September 30, 1949, filed another return designated "Amended Return," which was filed jointly in the names of taxpayer and his wife for the calendar year 1948.

The income disclosed by taxpayer in his original return was increased in the amended return filed by him and his wife and was further increased by the Commissioner's determination. We see no purpose in setting forth the detailed and complicated calculation of the Commissioner by which he arrived at the amount of the deficiency assessed against taxpayer. This is because there is no dispute on the record as to the amount of the deficiency determined on the basis employed by the Commissioner. Neither is there any dispute as to the amount the deficiency would have been, determined on the basis urged by the taxpayer. The amount sought to be recovered is the difference between the deficiency assessed by the Commissioner and paid by the taxpayer on the basis of rates applicable to a married person filing a separate return, and the deficiency which should have been determined on rates applicable to a joint return.

The district court found that taxpayer "intentionally filed a separate income tax return for the year 1948"; in fact, the court characterized this finding as representing "the only issue in the case." Based upon this finding, the court reasoned that recovery was precluded by reason of Amended Reg. 111, Sec. 29.51, promulgated by the Commissioner of Internal Revenue (subsequently quoted). We disagree with the reasoning. We accept for the purpose of our discussion the finding that the taxpayer on March 15, 1949, intentionally filed a separate return.

Sec. 51(b)(1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 51(b)(1) provides as follows:

"In General. A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."

Reg. 111, Sec. 29.51, upon which the district court solely relied in denying recovery, provides:

"A joint return may not be made by a husband and wife for a taxable year if a separate return has been filed by one of the spouses and the time for filing the return of such spouse has expired. Similarly, if a joint return is filed, separate returns may not be made by the spouses after the time for filing the return of either has expired."

 Plaintiffs contend that this regulation, precluding the filing of a joint return where a separate return has been filed by one spouse, is unreasonable and inconsistent with the terms of the statute. We think this contention is sound. Of course, as the government points out, the Commissioner had authority to prescribe regulations necessary to carry out the congressional enactment and, as stated in its brief, "It is settled that regulations, when thus reasonably prescribed and not in conflict with the statute, * * * have the force and effect of law."

A comparison of the regulation with the statute is sufficient to demonstrate that the former is inconsistent with the latter. The statute bestows the unqualified right of a husband and wife to file a joint return and to have their tax liability determined on that basis. This unqualified right provided by Congress is withdrawn by the regulation to the extent that the benefit of the statutory provision is not available if either husband or wife has previously filed a separate return.

In our view, the regulation is not only inconsistent with the statute but is unreasonable and arbitrary, particularly as applied to the situation before us. In Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 134, 56 S.Ct. 397, 400, 80 L.Ed. 528, the court stated:

"The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not

the power to make law—for no such power can be delegated by Congress —but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity. Lynch v. Tilden Produce Co., 265 U.S. 315, 320–322, 44 S.Ct. 488, 68 L.Ed. 1054; Miller v. United States, 294 U.S. 435, 439–440, 55 S. Ct. 440, 79 L.Ed. 977, and cases cited. And not only must a regulation, in order to be valid, be consistent with the statute, but it must be reasonable. International Ry. Co. v. Davidson, 257 U.S. 506, 514, 42 S.Ct. 179, 66 L.Ed. 341. The original regulation as applied to a situation like that under review is both inconsistent with the statute and unreasonable."

 It is also of importance to note that Congress in 1951 enacted Sec. 312 (a) of the Revenue Act of 1951, codified as Sec. 51(g) of the 1939 Code, and effective for years beginning after December 31, 1950, § 312(b), 26 U.S.C.A. § 51 note, which provides in part:

"(g) Joint return after filing separate return.—

"(1) In general. If an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (b) of this section, and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year * * *."

This provision is not retroactive and, of course, cannot be utilized to determine taxpayer's rights in 1948. Because it was not made retroactive, however, the government professes to discern an approval of the regulation. There is no merit in this thought. See Haggar Co. v. Helvering, 308 U.S. 389, 400, 60 S.Ct. 337, 84 L.Ed. 340. One thing is certain,

however, and that is that the amendment of 1951 annihilated that portion of the regulation under discussion. Motivation for a congressional enactment is often-times a matter of speculation. However, there is a reasonable basis for the belief that Congress recognized that the regulation was in conflict with the statute, and that it was unreasonable and arbitrary, particularly in view of the Act of 1948 which granted to husband and wife tax-splitting advantages based on a joint return.

It is worthy of note that the taxpayer in the instant case is not attempting to change the basis on which his income must be reported for subsequent years. Nothing is involved except a computation of tax liability for the year in question. No administrative difficulty, so far as we are aware, is involved in making such calculation. In filing the amended return, taxpayer and his wife did not attempt to take advantage of any developments subsequent to the filing of the original return. The only discernible purpose served by the regulation was to prevent the equitable computation of taxes intended by Congress by its split-income tax provision for a husband and wife filing a joint return.

We know of no case where the regulation in controversy has been considered by a court. However, there are cases where the equities of the situation have been taken into consideration in determining the rights of a husband and wife under the split-income provision. In Waller v. United States, 56–2 USTC par. 9991 (D.C.Tenn.1956), the court held that the taxpayers were entitled to a split-income computation pursuant to amended joint return filed almost three years after they had filed separate returns for the calendar year 1949. The court emphasized the fact that "the case presented is not one where the election made in filing separate returns would affect taxes for subsequent years, nor where Congress has specifically provided that an election must be made in a first return, nor where revocation would work substantial administrative inconvenience."

In Kiesling v. United States, D.C. S.D.Tex.1958, 171 F.Supp. 314, the court allowed a refund on the basis of a computation employing the income-splitting provisions of the Code despite the fact that both husband and wife had filed separate returns for 1949, and no amended return had been filed at any time. The court proceeded on the theory that as a matter of law the two separate returns constituted a joint return.

In McIntosh v. Wilkinson, D.C.E.D. Wis.1929, 36 F.2d 807, it was held that an amended joint return filed on March 15, rather than separate returns filed two days earlier, should be used as the basis for tax liability. Obviously, the facts are different, but the statement of the court (at page 809) is pertinent:

"I think it may be assumed that, if a tax statute discloses a purpose to leave an option to taxpayers which will be more favorable either to a single or associated taxpayers (husband and wife, e. g.), if exercised one way rather than another, the statute so favoring them should not be whittled or more rigidly interpreted merely because the exercise of the option one way may cut down the revenue receivable. In other words, if the right be granted, opportunity for fairly exercising it should not be cut off or disparaged, especially when ignorance, misadvice, or what would ordinarily be recognized as excusable error, have entered into its exercise."

Plaintiffs also advance an alternative contention in support of reversal. They argue that assuming the validity of the regulation, relief is not precluded because taxpayer did not, on March 15, 1949, make a final, binding or irrevocable election to file a separate return. We think this contention has merit but there is no occasion to pursue it in view of the fact that the district court denied recovery based on the validity of the regulation. Further, the Commissioner here

seeks an affirmance on the same ground. As already noted, we do not agree with the reasoning employed by the district court on which an affirmance is here sought.

It follows, so we hold, that plaintiffs are entitled to have their tax liability calculated upon the basis of their amended joint income tax return. The judgment appealed from is reversed and the cause remanded, with directions that their liability be determined on that basis.