SAVOY, Judge.
Plaintiff in his capacity as Commissioner of Agriculture and Immigration of the State of Louisiana filed this suit against defendant, a milk distributor, to enjoin said defendant from violating the provisions of Act 193 of 1958 (LSA-R.S. 40:940.1 et seq.), known as the Orderly Milk Marketing Act, and the regulations promulgated thereunder, and particularly Section VII of said regulation, which reads as follows:
“The Unit costs for milk and milk products as listed in Section 1(F) of this regulation for processors or handlers shall be based on the average costs for such processor or handler during the previous 12 months, except the cost of milk and any other obvious change in costs shall be for the current month. In the case of frozen desserts, unit costs shall be based upon the average cost for the previous 12 months, except any obvious change in any cost shall be for the current month. In the case of a person beginning business, his price established with the Commissioner shall not be less than the lowest price within his trade area.”
*305 Plaintiff alleged that defendant, a milk handler, entered the market in Louisiana in October, 1960, by selling milk in Vidalia, Ferriday and Jonesville, Louisiana, at below the lowest price within said trade area, and has continued to do so although notified by plaintiff’s agents and employees that he was in violation of said act and that it would be necessary for him to increase his prices to meet the lowest price within said area. Plaintiff alleged that such acts on the part of defendant constituted disruptive sales practices under the provisions of the Orderly Milk Marketing Act (LSA-R.S. 40:940.1 et seq.), and asked the district court to permanently restrain and enjoin the defendant, his agents and employees, from selling milk below the lowest price within the trade area, and particularly in the towns mentioned above.
Defendant filed an exception of no cause or right of action which was overruled, and after a trial on the merits, the district judge granted plaintiff a preliminary writ of injunction enjoining and prohibiting the defendant from selling milk below the lowest price posted with the Commissioner of Agriculture and Immigration of the State of Louisiana, in and for the trade area.
From this ruling the defendant applied to this Court for writs of certiorari, prohibition and mandamus. Writs were granted by this Court and a hearing was had. The matter was argued by counsel for both plaintiff and defendant and briefs were furnished to this Court by counsel for both parties.
Under the provisions of LSA-R.S. 40:-940.S, no processor, handler or distributor of milk products shall sell within the State of Louisiana, at wholesale or retail, any product listed in the act for less than the cost of the processor, handler or distributor.
The term “cost” is defined in LSA-R.S. 40:940.2, subsection (12), as follows:
“The term ‘cost to each processor, handler, distributor, bulk milk handler, or non-processing retailer,’ hereinafter referred to as ‘cost,’ shall include the cost of milk, or milk products and frozen dessert as listed or referred to in R.S. 40:940.1, plus the cost of doing business by each processor, handler, distributor, bulk milk handler, or non-processing retailer, which costs of doing business shall include but not be limited to, labor costs (including salaries of executives and officers), cost of receiving, cooling, processing, packaging, manufacturing, rent, depreciation, power, supplies, selling costs, delivery costs, storing, maintenance of plant and equipment, advertising, transportation, all types of licenses, taxes, fees, insurance, and all other costs of doing business as determined by the commissioner. Cost shall be allocated proportionately to each unit of product sold and in no case can any item or unit be sold for less than the unit cost; provided that in the absence of specific evidence that the cost of doing business as herein defined for a non-processing retailer is less than eight per cent, the cost of doing business by such non-processing retailer shall be presumed to be not less than eight per cent of the invoice price and this cost shall be calculated to the nearest half cent per sales unit. In the case of the non-processing retailer in the absence of evidence of costs, the eight per cent or cost herein provided shall apply to each unit of sale at the time and place of sale.”
The duties of the Commissioner are defined in LSA-R.S. 40:940.12, subsection A., which reads as follows:
“The commissioner is hereby declared to be the instrumentality of the state for the purpose of administering the provisions of this Sub-part and to execute the legislative intent herein expressed, and is hereby vested with the power to conduct public hearings, to promulgate, and administer regulations pertaining to the purchases and salce of products listed or referred to in *306 R.S. 40:940.1 provided that nothing contained in this Sub-part shall be construed to alter, amend or repeal any of the laws of this state relating to the regulation of public health or to the prevention of fraud and deception, except as herein otherwise specifically provided.”
LSA-R.S. 40:940.12, subsections B. and F., which are the only sections applicable to this case, provide the following language:
“B. The commissioner shall initiate proceedings on the complaint in writing of any person or he may initiate proceedings on his own motion for the purpose of investigating or hearing evidence of the failure or refusal of any person to comply with the provisions of this Sub-part or the rules, regulations, and orders of the commissioner issued thereunder after giving fifteen days prior notice to the alleged violator as to the date and time fixed for the hearing, and the nature of the charge or charges. * * *
“F. The commissioner shall adopt such other rules, regulations, and orders necessary or appropriate to enforce the provisions of this Sub-part and not inconsistent with the laws of the state of Louisiana.”
The only complaint made by plaintiff is that defendant is selling milk in a trade area below the established price set by the Commissioner.
Defendant contended among other things that Section VII of the regulations mentioned herein is invalid in that it exceeds the administrative authority granted the Commissioner by the Orderly Milk Marketing Act.
The evidence reflects that the defendant was distributing milk in the Vidalia, Ferri-day and Jonesville area at a profit. This is not contradicted by the plaintiff.
LSA-R.S. 40:940.3 sets out the acts on the part of a processor, handler, distributor or bulk milk handler which shall constitute disruptive sales practices. Defendant is not charged with the violation of any of the provisions of LSA-R.S. 40:940.3.
The only issue to be determined by this Court is whether that part of Section VII of the regulation complained of exceeds the administrative authority of the Commissioner, delegated by the Legislature when it enacted the Orderly Milk Marketing Act.
LSA-R.S. 40:940.5 states in substance that no processor, handler or distributor shall, with the intent or effect of unfairly diverting trade from a competitor, sell within this state any product listed in the act for less than the cost of the processor, handler or distributor, as defined in this act. The act defines the elements and items to be used in considering the cost of a product. There is nothing in the act which states that the selling price of a new establishment or processor or distributor of milk and milk products for sale in the trade shall be governed by or be not less than the selling price of other firms already established in the business.
The legislative intent of the act was to prevent price cutting below cost. The act does not fix any other standard for determining the minimum price level.
We do not believe that the Commissioner can go beyond the plain provisions of the Orderly Milk Marketing Act.
73 C.J.S. Public Administrative Bodies and Procedure § 35, page 337, states that an administrative officer may apply only the policy declared in the statute with respect to the matter as to which he purports to act, and he may not set different standards or change the policy.
In Manhatten General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528, the Supreme Court stated that a regulation which created a rule out of harmony with the statute was a nullity. The Court stated *307 further that the rule must he consistent with the statute and must be reasonable.
While the courts cannot displace the judgment of an administrative board as to any matter within its jurisdiction, the board cannot enlarge the powers given it by statute. Waite et al. v. Macy et al., 246 U.S. 606, 38 S.Ct. 395, 62 L.Ed. 892; Lynch v. Tilden Produce Co., 265 U.S. 315, 44 S.Ct. 488, 68 L.Ed. 1034; Werner v. United States of America, 7 Cir., 264 F.2d 489; Charbonnet v. Board of Architectural Examiners et al., 205 La. 232, 17 So.2d 261 ; Kramer v. State Board of Veterinary Medical Examiners, La.App., 55 So.2d 93.
We are of the opinion that the following portion of Section VII of the regulations promulgated by the Commissioner of Agriculture and Immigration, namely:
“ * * * In the case of a person beginning business, his price established with the Commissioner shall not be less than the lowest price within his trade area.”
exceeded the authority granted to him by Act 193 of 1958 (LSA-R.S. 40:940.1 et seq.).
For the reasons assigned, the judgment of the district court is now reversed and set aside, and judgment is hereby rendered in favor of defendant and against plaintiff, vacating and annulling the preliminary injunction granted by the district judge on January 23, 1961, and dismissing plaintiff’s suit. Plaintiff is to pay all costs taxable against him by law.
Reversed and rendered.