637 So.2d 544 (1994)
Blanche Beverly BUETO
v.
VIDEO GAMING DIVISION, OFFICE OF STATE POLICE, DEPARTMENT OF PUBLIC SAFETY, State of Louisiana.
No. 94 CA 0334.
Court of Appeal of Louisiana, First Circuit.
March 4, 1994.
*545 Richard Redd, Baton Rouge, for plaintiff/appellee, Blanche Beverly Bueto.
Howard P. Elliot, Jr., Baton Rouge, for State Dept. of Public Safety and Correction, Office of State Police, Video Gaming Div.
Before LOTTINGER, C.J., and CARTER, CRAIN, LeBLANC and FOGG, JJ.
CRAIN, Judge.
Plaintiff, Blanche Beverly Bueto (Bueto) filed a petition for injunction and declaratory judgment in the Nineteenth Judicial District Court on October 21, 1993. The suit was filed against the Video Gaming Division of the Louisiana State Police (state police), contesting denial of a video poker license. After hearing, the trial court rendered judgment which declared "Louisiana Administrative Code Article 55:4215(A)(1)(e)(iii), (iv), (v) and (vi), otherwise known as the `two year rule', to be unconstitutional and beyond the legislative authority granted to the defendants herein to promulgate same." The trial judge also permanently enjoined future enforcement of the above designated provisions and ordered issuance to Bueto of a Type V Video Poker license. The trial judge further granted a devolutive appeal to this court, and denied a suspensive appeal. On writs to this court we denied writs for refusal to grant an appeal directly to the Supreme Court, and refusal to allow a suspensive appeal from the grant of the permanent injunction. However, we granted a stay of the injunction and allowed a suspensive appeal from the declaratory judgment invalidating the administrative rule. This appeal resulted.
Appellant assigns as sole error the trial court judgment invalidating L.A.C. 55:2415(A)(1)(e)(iii), (iv), (v) and (vi)[1] and restraining appellant from denying Bueto a video poker license on that basis.

PROCEDURE
Appellant filed in the trial court a dilatory exception of prematurity based on Bueto's failure to exhaust administrative remedies. No action was taken on that exception so it is considered overruled. Appellant does not designate as error the procedure in the trial court nor here. However, for proper disposition we must designate the appropriate provision of law under which the issues must be resolved.
Appellee filed a petition for declaratory judgment under La.C.C.P. articles 1871 and 1872 and under La.R.S. 49:963, the Administrative *546 Procedure Act (APA). Appellee also prayed for an injunction. The enabling legislation for video poker is found in La.R.S. 33:4862.1-4862.20. It is specifically provided in La.R.S. 33:4862.8(A) that the state police shall promulgate rules and regulations for licensing. Additionally, in La.R.S. 33:3862.10(E) it is provided that a person who has been denied a license is entitled to a hearing conducted in accord with the APA. It follows that all hearings and court proceedings connected with licensing of video poker machines must be done under the auspices of the APA. La.C.C.P. articles 1871 and 1872 are not applicable.
Appellee's original petition attacks the validity of a licensing rule established by the state police. In a "First Amending and Supplementing Petition" appellee alleges that on October 18, 1993 she filed with the state police a petition for agency review. It is further alleged that the state police have established no procedure for agency review, and that the agency would continue to apply the rule at issue absent court action. Additionally, it was stipulated between the parties that the agency would not delete or amend the rule at issue, and that a procedure for consideration of agency review has not been provided by rule.
La.R.S. 49:963 under the APA makes provision for judicial review of the validity or applicability of agency rules. Section D of that statute provides that:
An action for a declaratory judgment under this Section may be brought only after the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question and only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and inflict irreparable injury.
In Louisiana Chemical v. Dept. of Env. Qual., 577 So.2d 230 (La.App. 1st Cir.1991), we held that if the challenge to an agency rule is based upon the grounds that the rule is unconstitutional or exceeds the statutory authority of the agency or was adopted without substantial compliance with rulemaking procedure, the appropriate remedy is a declaratory judgment under La.R.S. 49:963. Prerequisite to obtaining declaratory judgment under La.R.S. 49:963 "the plaintiff must have previously requested agency review and must show that `review in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury.'" Louisiana Chemical, 577 So.2d at 230. We are satisfied from the record that a prior request for agency review has been made, and that no remedy would be forthcoming from a contested adjudicated case. Additionally, there is no contest over the issue of irreparable injury insofar as the applicability of La.R.S. 49:963 is concerned.
We find this matter is properly before us in a judicial proceeding to review the validity of an agency rule under La.R.S. 49:963.

VALIDITY OF THE RULE
The legislature established a Video Draw Poker Devices Control Law in La.R.S. 33:4862.1-4862.20. In La.R.S. 33:4862.8 the legislature provided as follows:
A. The division shall promulgate rules and regulations necessary to facilitate implementation of this Part and specifically to:
(1) Provide permit, application, and licensing procedures.
(2) Prescribe necessary application and reporting forms.
In purporting to implement this grant of rulemaking authority the state police adopted what is presently L.A.C. 42:2415(A)(1)(e)(iii), (iv), (v) and (vi). Section (iii) provides as follows:
No truck stop facility constructed after September 6, 1991 shall be allowed to apply for a license for a period of two years. The two year period will commence from the date the facility opened to the public.
Additionally, Section (iv) provides that an existing facility "must have at least two years continuous operating business experience at that location as a truck stop facility," in order to qualify for a license. Under Section (vi) if the facility existed as a truck stop prior to September 6, 1991, for less than two years, the time before September 6th, can be added *547 to the time after to meet the two year requirement. It is uncontested that only this two year provision disqualifies appellee for a license.
"[T]he legislature may regulate and limit the exercise of legitimate businesses, trades, and occupations when such regulation or limitation is, in the opinion of the legislature, necessary, convenient, or desirable to protect or further the general welfare...." State v. Morrow, 231 La. 572, 92 So.2d 70, 72 (1956). "It is an elementary principle of constitutional law that legislative powers, conferred under constitutional provisions, cannot be delegated by the Legislature either to the people or to any other body or authority." City of Alexandria v. Fire Fighters Ass'n, Local No. 540, 220 La. 754, 57 So.2d 673, 674 (1952). If the legislature is limited in its constitutional authority to delegate powers to administrative agencies, it necessarily follows that those agencies cannot exceed the authority granted. See, Kramer v. State Board of Veterinary Medical Examiners, 55 So.2d 93 (La.App. 1st Cir.1951). Without considering the question of what authority the legislature can constitutionally grant the state police to regulate and license video poker, we find here that the state police exceeded the authority granted.
The legislature in La.R.S. 33:4862.8, gave state police the authority to adopt rules and regulations to facilitate licensing video poker. In some instances qualifications of applicants may have been left to state police, and that in itself may raise legal questions that are not presented here. However, in dealing with licensing truck stops the legislature was not silent as to qualifications. It specifically provided in La.R.S. 33:4862.6(A) in part that:
"A person owning a truck stop facility may be granted a license for the placement of video poker devices in his facility in an area separated for adult patronage only; as used in this Section a truck stop facility shall mean a facility covering at least five contiguous acres which has overnight facilities and service facilities for eighteen wheel tractor-trailers." (emphasis added).
The legislature specifically provided what is a truck stop for video poker purposes. In use of the word "shall" no discretion was left to state police to provide qualifications other than those spelled out in the legislation. Location on five contiguous acres, overnight facilities, and service facilities for eighteen wheelers, are the only qualifications for video poker in truck stops. Regardless of the efficacy of the two year rule, that rule will have to be provided by additional legislation. It cannot be provided by state police.
Because of our finding that the two year rule exceeds the authority granted by the legislature, it is unnecessary to consider whether the rule is unconstitutional as a denial of equal protection or due process. The trial court determination in this regard was inappropriate and is specifically voided as unnecessary. Constitutional issues should not be used to resolve disputes when they are resolvable by resolution of other issues. Johnson v. Welsh, 334 So.2d 395 (La.1976). We declare L.A.C. 42:2415(A)(1)(e)(iii), (iv) and (vi) invalid[2] as exceeding and conflicting with the qualifications for video poker in truck stops provided for by the legislature in La.R.S. 33:4862.6(A).

INJUNCTION
Appellant complains of the granting of the injunction against enforcing the rule and the mandatory injunction to grant appellee the license. When the validity of agency rules is at issue and the proceeding is governed by the APA, La.R.S. 49:963 provides for the petition for declaratory judgment under the APA in limited circumstances. In Louisiana Chemical, 577 So.2d at 233, 234, we specifically held that the district court reviews a 963 action on the record. It can grant the declaratory judgment only where the rule is unconstitutional, or exceeds the statutory authority or was adopted without substantial compliance with the rule making authority. Where the APA is applicable, the declaratory judgment of 963 is the only judicial remedy available. There can be no separate injunction proceeding. However, once the determination is made that a declaratory *548 judgment is appropriate given the constraints of article 963, injunction is available to enforce the judgment. Prior to the enactment of La.C.C.P. art. 1871 declaratory relief was not available where there was another available remedy. The official revision comments to article 1871 point out that 1871 changes the law in allowing declaratory judgments where there is another available remedy. However, in both situations injunction has been allowed to enforce the declaratory judgment. Hicks v. City of Monroe Utilities Commission, 237 La. 848, 112 So.2d 635 (1959); Chauvet v. City of Westwego, 599 So.2d 294 (La.1991). Otherwise, the continued enforcement of a rule declared invalid could result. Consequently, even though no relief other than a declaratory judgment is available under article 963 of the APA, an injunction to enforce the declaratory judgment is appropriate.
We do conclude that the mandatory injunction to grant the license would ordinarily not be available since the license could be denied for other reasons. However, the parties here have stipulated that the only reason for denying the license is the two year rule we declare invalid. Consequently, the mandatory injunction is appropriate to enforce the declaratory judgment in this limited situation.

DECREE
We affirm the judgment of the trial court declaring L.A.C. 42:2415(A)(1)(e)(iii), (iv) and (vi) invalid as exceeding legislative authority. We reverse the further finding of unconstitutionality as unnecessary and inappropriate at this time. We affirm granting the injunction prohibiting enforcement of the invalid rules and the mandatory injunction granting appellee a license.
Appellant is to pay costs in the amount of $273.55.
AFFIRMED IN PART; REVERSED IN PART, AND RENDERED.
NOTES
[1] The Louisiana Administrative Code has been retitled. The provisions invalidated are now L.A.C. 42:2415(A)(1)(e)(iii), (iv), (v) and (vi).
[2] Section (v) can be applied to the qualifications required by L.A.C. 42:2415(A)(1). Those are the qualifications provided for by statute. Consequently, section (v) is not invalid.