672 So.2d 340 (1996)
LOUISIANA HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION 1993, INC.
v.
FAIR GROUNDS CORPORATION, First Statewide Racing Company, Inc., d/b/a Evangeline Downs, Louisiana Downs, Inc., Delta Downs Racing Association, Inc., and Louisiana Department of Public Safety and Corrections.
No. 95 CA 1702.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
Writ Denied June 7, 1996.
C. James Gelpi and Stephen B. Emling, New Orleans, for La. Horsemen's Benevolent and Protective Ass'n 1993.
*341 Larry S. Bankston and George Cotton, Baton Rouge, and Salvador Anzelmo, New Orleans, for Fair Grounds Corporation.
Timothy O'Dowd and Edwin K. Hunter, Lake Charles, for Delta Downs Racing Ass'n.
Charles W. Salley, Shreveport, for Louisiana Downs.
Tammy L. Pruet, Baton Rouge, for St. of La., DPS, State Police Gaming Division.
Henry C. Perret, Jr., Lafayette, for First Statewide Racing Co.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
The Louisiana Horsemen's Benevolent and Protective Association 1993, Inc. (plaintiff), filed a suit for damages against the State of Louisiana, Department of Public Safety and Corrections (State), Louisiana Downs, Inc., The Fair Grounds Corporation, First Statewide Racing Company, Inc., and Delta Downs Racing Association, Inc. (defendants). Plaintiff alleged defendants conspired to improperly disburse revenues from video gaming devices, engaged in unfair trade practices, and breached various other statutory and fiduciary obligations. Plaintiff prayed for judgment against defendants for loss of monies from racing purses, interest, and attorney fees.
Defendants responded with numerous exceptions, including exceptions of prematurity and lack of subject matter jurisdiction. Defendants contended, inter alia, plaintiff's suit should be dismissed for failure to pursue remedies under the Louisiana Administrative Procedure Act prior to judicial review. The trial court heard arguments on all of the exceptions, then dismissed plaintiff's suit without prejudice, stating:
I sustain those two exceptions, lack of subject matter jurisdiction and prematurity. I agree, too, if the state police won't act in good faith and give a hearing in a reasonable amount of time, then I can retain jurisdiction at that time. But I think it's premature. I sustain both of those exceptions, making the others moot.
Plaintiff has appealed that judgment.
Article V, section 16(A), of the Louisiana Constitution, provides in pertinent part: "Except as otherwise authorized by this constitution ..., a district court shall have original jurisdiction of all civil and criminal matters." Exceptions to this constitutional provision which delegate limited judicial authority to administrative agencies are narrowly construed. Hawkins v. State, 613 So.2d 229, 234 (La.App. 1st Cir.1992).
We must first determine the relief sought by plaintiff in order to resolve the subject matter jurisdiction issue. See Central La. Elec. Co. v. Louisiana Pub. Serv. Comm'n, 601 So.2d 1383, 1386-1387 (La.1992). This suit arises from a dispute over the interpretation of Louisiana Revised Statute 33:4862.18(A)(1), which provides that, after three enumerated deductions, one-half of the monthly net gaming device revenues received[1] by the establishment owner (the race track) shall be used to supplement purses for horsemen. Defendants admit they take two additional deductions from gaming revenues before supplementing the horsemen's purses. Plaintiff contends the deductions set forth in Revised Statute 33:4862.18(A)(1) are exclusive and the additional deductions are illegal. It seeks reimbursement of the sums deducted by defendants in excess of those required by statute.
Defendants rely on Revised Statute 33:4862.10, entitled "Suitability requirements," which provides in pertinent part:
E. A person whose application for a license has been denied, or whose license has been issued subject to a condition or suspended or revoked, or against whom a fine has been levied has the right to a hearing before the [video gaming] division [of the gaming enforcement section of the office of state police within the Department of Public Safety and Corrections]. The hearing must be conducted in accordance with the provisions of the Administrative Procedure Act. All parties, including *342 the division, shall have the right to appeal any adverse ruling to the Nineteenth Judicial District Court.
Defendants contend this statute gives the state police exclusive jurisdiction over plaintiff's suit. Defendants argue this statute was broadly construed by this court in Bueto v. Video Gaming Division, 94-0334 (La.App. 1st Cir. 3/4/94), 637 So.2d 544, wherein we stated: "[A]ll hearings and court proceedings connected with licensing of video poker machines must be done under the auspices of the [Administrative Procedure Act]." 637 So.2d at 546.
The fallacy of this argument is defendants overlook the fact this suit has nothing to do with licensing. An administrative agency has only the power and authority expressly granted by the constitution or statutes. Hawkins, 613 So.2d at 234. Money damages such as those sought in this case are within the original exclusive jurisdiction of Louisiana's district courts. See Magnolia Coal Terminal v. Phillips Oil Co., 576 So.2d 475, 483 (La.1991). The video gaming division of the gaming enforcement section of the state police within the Department of Public Safety and Corrections has not been expressly granted authority by constitution or statute to award money damages. Thus, it has no jurisdiction over this matter.
For the foregoing reasons, the judgment of the trial court sustaining defendants' exceptions of prematurity and lack of subject matter jurisdiction and dismissing plaintiff's suit is reversed. This suit is remanded to the trial court. Defendants are cast with all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] "Net device revenue" means the gross revenue of a device less the value of prizes paid as shown on the meters of the device. La.R.S. 33:4862.1(B)(10).