Dear Mr. Guinn:
This office is in receipt of your recent opinion request in which you present the following questions for review:
 1) May the Louisiana Student Financial Assistance Commission (the Commission), pursuant to its authority under § 3042.1(A)(6) of Act 476
of 1997, adopt a rule requiring that an applicant be a first-time freshman in order to be eligible for initial assistance under the Tuition Opportunity Program for Students — Teachers (TOPS-T)?
 2) May the Commission adopt a rule requiring that an applicant be a college junior or senior in order to be eligible for initial assistance?
 3) Is the Commission authorized to adopt rules which would define eligible applicants in any manner the Commission deems to be in the best interests of TOPS-T?
A. Program Background
Act 476 (the Act) renames and amends a college tuition loan and loan forgiveness program initially established in 1981. The program is now named the "Tuition Opportunity Program for Students — Teachers." LSA-R.S. 17:3042.1 et seq. Under the program, eligible persons desiring to become school teachers can receive loan assistance to pay college tuition. One year of loan obligations incurred by a loan recipient is forgiven for each year the recipient practices as a teacher in a Louisiana elementary or secondary school which is not located in an economically disadvantaged area of the state, and two years of loan obligations incurred by a loan recipient are forgiven for each year the recipient practices as a teacher in an elementary or secondary school which is located in an economically disadvantaged area of the state as defined by the State Board of Elementary and Secondary Education. The program is designed to induce capable and qualified persons to practice as elementary and secondary school teachers in Louisiana.
The eligibility requirements for TOPS-T are specified in § 3042.1(A) of the Act, which provides:
 A. In addition to all other powers and duties of the Louisiana Student Financial Assistance Commission, the commission may make loans to a student who meets all of the following requirements:
 1) Is a bona fide citizen and resident of this state,
 2) Desires to become a teacher and has been accepted to enroll in a public or independent college or university in this state,
 3) Has a composite score on the American College Test or the Scholastic Aptitude Test which is, or is the equivalent to, a twenty-three on the 1990 version of the American College Test, or an equivalent concordant value on any subsequent version of such test or an the Scholastic Aptitude test,
 4) Has a cumulative high school grade point average of at least 3.25 on a 4.0 scale,
 5) Has successfully completed high school course work which constitutes a core curriculum and meets standards for admission to the eligible college or university. The core curriculum and the eligible college or university shall be as provided in R.S. 17:3048.1, and
 6) Meets such other qualifications as the Commission may prescribe by rule.
This provision expressly authorizes the Commission to prescribe additional qualifications by rule. Your questions concern the scope of the authority delegated to the Commission by § 3042.1(A)(6).
An examination of the program's history will be helpful in determining the statutory limits of the Commission's authority. At its inception in 1981, the program was designed to provide assistance to qualified persons who had already completed two semesters of college and who had been accepted for enrollment in an eligible college of education. A person could receive assistance for up to three years under the program. In order to be eligible, an applicant had to meet specified high school grade point average, standardized test, and college grade point average requirements.
In 1986, the legislature modified the program by eliminating the college attendance requirement. Furthermore, the program provided for assistance to a given recipient for up to four years. An applicant was eligible under the program if she, interalia, satisfied one of the following three requirements:
 1) had a score on the American College Test (ACT) or Scholastic Aptitude Test (SAT) equivalent to a twenty-two or greater on the 1989 version of the ACT, or
 2) had a score on the ACT or SAT equivalent to a twenty or greater on the 1989 version of the ACT, and had a cumulative high school grade point average of at least 3.00 on a 4.00 scale, or
 3) had a cumulative college or university grade point average of at least 3.00 on a 4.00 scale.
In order to be eligible for continued assistance under the program, a recipient was required to enter a college of education as soon as she had earned sufficient credits to do so. It appears, that the program was modified in 1986 to be made available to both first-time freshmen and persons already in college.
Act 476 of the 1997 Regular Session further modified the eligibility requirements of the Act. In order to be eligible for the program, a current applicant must meet specified high school grade point average and standardized test requirements. A person's college grade point average is no longer relevant to eligibility for the program. Additionally, an applicant must have completed high school course work which constitutes a core curriculum and which meets standards for admission to an eligible institution.
B. Scope of Commission's Powers
It a well-settled principle of law that an administrative agency may not exceed the authority granted it by the legislature.See Bueto v. Video Gaming Division, 637 So.2d 544
(La.App. 1st. Cir. 1994), Kramer v. State Board of VeterinaryMedical Examiners, 55 So.2d 93 (La.App. 1st. Cir. 1951). Any regulations adopted pursuant to § 3042.1(A)(6) must be additions to the program structure established by the legislature. Furthermore, any regulations adopted by the Commission pursuant to § 3042.1(A)(6) must be rationally related to the furtherance of the legislature's stated policy objective. Pearce v. Kramer, 128 So.2d 304 (La.App. 1st. Cir. 1961).
Question One
Your first question asks whether the Commission is permitted, pursuant to § 3042.1(A)(6), to adopt a rule requiring that an applicant be a first-time freshman in order to be eligible for initial assistance. Such a rule would be a permissible exercise of the Commission's authority pursuant to § 3042.1(A)(6). The Commission might reasonably find that such a requirement can be inferred from the structure of the Act, and thereby intend, by adopting such a rule, to make explicit what is already implicit in the statutory structure. Alternatively, the Commission might reasonably find that the statute is silent on the eligibility of persons already enrolled in college, and find that restricting the program to first-time freshmen pursuant to its authority under § 3042.1(A)(6) furthers the legislative policy stated in § 3042.
Question Two
Your second question asks whether the Commission may adopt a rule requiring that an applicant be a college junior or senior in order to be eligible for initial assistance. It is not clear whether the adoption of this kind of rule would exceed the Commission's authority.
You should be aware that a state district court may determine that the legislative history demonstrates that the program has been amended over time to permit access by first-time freshmen. Specifically, three amendments to the program strongly suggest the legislature wishes first-time freshmen to be included in the program:
 1) the elimination of the requirement that an applicant have completed two semesters of college and the elimination of any initial eligibility requirement related to collegiate academic performance,
 2) the provision of assistance for up to four years of undergraduate schooling, increased from three in prior versions of the program, and
 3) the requirement for continued receipt of loan money that a person enter a program designed to lead to certification as a teacher as soon as the student has earned sufficient credits to do so.
The statutory scheme in general, these above three features in particular, demonstrate that the legislature has modified the program to include first-time freshmen. Therefore, it is not clear that the Commission has the authority to exclude first-time freshmen from the program.
Question Three
Your third question concerns the general contours of the Commission's authority under § 3042.1(A)(6). You ask whether the Commission may prescribe additional requirements which would define eligible applicants in any way the Commission deems to be in the best interests of the program. The Commission may impose additional eligibility requirements which are consistent with the statutory framework and are reasonably related to the implementation of the legislative policy expressed in § 3042. This discretion may not be used to amend or in any way modify the aspects of the program that the legislature has put in place. Therefore, the Commission may add requirements not presently included in the statutory framework, as long as, the new criteria is consistent with the language of the statute.
C. Conclusion
Under Act 476 of the 1997 Regular Session, the Commission has the authority to restrict the Teachers Tops Program to only first-time freshmen. However, it is not clear whether the Commission may limit the program to only juniors and seniors. Further, the Commission may proscribe additional requirements which are consistent with the statutory provisions.
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ SHERRY L. TEW Assistant Attorney General
RPI/SLT:lrg