NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2024 CA 0965

HENRY W. KINNEY

VERSUS

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY

JUDGMENT RENDERED: ___FEB 2 1 2025___

* * * * * * *

Appealed from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 747,588 • Section 21

The Honorable Ronald R. Johnson, Presiding Judge

* * * * * * *

| | |
|---|---|
| Henry W. Kinney<br>Baton Rouge, Louisiana | APPELLANT<br>PLAINTIFF—*Pro se* |
| Errol J. King, Jr.<br>Shelton Dennis Blunt<br>Walt Green<br>A. Paul LeBlanc, Jr.<br>Brad Boudreaux<br>Taylor J. Crousillac<br>Baton Rouge, Louisiana<br>*and*<br>Preston J. Castille, Jr.<br>Baton Rouge, Louisiana<br>*and*<br>Craig L. Caesar<br>New Orleans, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Louisiana Health<br>Service & Indemnity Company d/b/a<br>Blue Cross/Blue Shield of Louisiana |

* * * * * * *

BEFORE: THERIOT, HESTER, AND EDWARDS, JJ.

**EDWARDS, J.**

Plaintiff, Henry W. Kinney, appeals a judgment of the district court that sustained the peremptory exception raising the objection of lack of subject matter jurisdiction filed by Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana ("BCBS"), and dismissed his petition for mandamus without prejudice. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

Kinney filed a "Summary Petition for Mandamus" in the 19th Judicial District Court on May 1, 2024, and named BCBS as the sole defendant.[1] According to Kinney, BCBS's board of directors ("the Board") "breached its fiduciary duties to its members by, among other actions, failing to conduct elections of its board" over the last 20 years, which Kinney alleged is a violation of BCBS's amended articles of incorporation ("Articles"). Kinney also asserted that the "illegal actions of the Board . . . have resulted in the Board functioning autonomously as a self-perpetuating entity, without any supervision or input from its members." Kinney listed some of these alleged "illegal actions" in his petition, including (1) nominating and electing members of the Board without allowing the membership to vote; (2) approving exorbitant salaries for the Board; (3) attempting to sell BCBS to another company, which would have resulted in a direct personal gain to each member of the Board; and (4) obtaining proxies of its voting members by "subterfuge and concealment." As a result, Kinney prayed for a mandamus directing BCBS to conduct a fair and open election for the Board, with adequate notice of elections to its members and the ability to participate.

---

[1] BCBS is a member-owned mutual organization that provides health insurance to its members and policy holders. As such, BCBS is 100% owned by its members and does not have shareholders. It conducts its business pursuant to Articles of Incorporation, which were adopted by its members in 2003 and amended in 2007, 2016, and 2019.

Kinney also filed an "Issuance of A[l]ternative Writ of Mandamus" along with his petition, in which he sought an order from the district court directing the Board and BCBS to immediately strike from its records any previously obtained proxies from the membership "which proxy was obtained by the means of an application for health insurance"; to call for an election to the Board and to fully and fairly advise the membership of BCBS of the retraction of the previously obtained proxies from the membership by the Board; to conduct a fair nomination process; to assign certain seats for election to be for specific terms of service; to recognize the rights of the membership as provided in the Articles; and "to cease to act unilaterally and in a self-perpetuating manner to re-elect itself without availing the membership to participate in the election of the Board."

Shortly after filing his petition, Kinney propounded discovery on BCBS and motioned the court to set an expedited discovery deadline ahead of the May 29, 2024 hearing on his petition for mandamus. The district court signed an order granting the motion on May 10, 2024, and ordered BCBS to answer discovery on or before May 17, 2024.

On May 16, 2024, BCBS filed a peremptory exception raising the objection of lack of subject matter jurisdiction.[2] Therein, BCBS asserted that any proceeding involving approval of BCBS's proxy forms or the validity of the Articles or any amendments thereto is an "administrative matter" that does not fall under the district court's original jurisdiction conferred by La. Const. art. V, § 16(A). Rather, BCBS asserted the matter falls exclusively under the jurisdiction of the Department of Insurance and the Commissioner of Insurance ("the Commissioner"). In support of

---

[2] BCBS also filed a peremptory exception raising the objection of nonjoinder of a party and a dilatory exception raising the objection of unauthorized use of summary proceedings. Louisiana Code of Civil Procedure article 927(B) requires the district court to hear any objection to subject matter jurisdiction before hearing any other exceptions. The district court in this case heard the objection to subject matter jurisdiction first, as is required by Article 927(B), and sustained the exception. Therefore, Kinney's other exceptions were not heard at the district court, and as such, they are not before this court on appeal.

3

its exception, BCBS attached documentation of the Commissioner's approval of the form of proxy used by BCBS and the amendments to its Articles.

Kinney did not file an opposition to BCBS's exception prior to the hearing. Instead, he filed a "Motion to Schedule Hearing on Discovery Objections, Exceptions and Trial of Mandamus." Kinney asserted that "[i]t is essential that discovery take place to determine relevant evidence in order to oppose the factual assertions made in the exceptions and to adequately discover what other documents [BCBS] will introduce at either the exception trial or trial of the merits."

The district court held a hearing on BCBS's exception and Kinney's motion on May 28, 2024. The district court first heard BCBS's exception raising the objection of lack of subject matter jurisdiction, as is required by La. C.C.P. art. 927(B). BCBS introduced all exhibits attached to its exception, and Kinney proffered evidence related to his discovery motion. At the conclusion of the hearing, the district court took the matter under advisement and ordered the parties to submit proposed judgments and reasons for judgment.

On June 7, 2024, the district court signed a judgment sustaining BCBS's objection of lack of subject matter jurisdiction and dismissing Kinney's petition for mandamus without prejudice. In so ruling, the district court characterized Kinney's petition as an effort to declare all proxies executed by any members of BCBS null and void, and as a result of that declaration, declare all BCBS meetings, Articles, and amendments to the Articles over the last 20 years null and void. The district court explained that Kinney retains the ability "to seek relief from [the district court] in the future pursuant to appellate jurisdiction granted by law to review the final decision of the Louisiana Commissioner of Insurance and Department of Insurance regarding any of these matters." Notice of signing of judgment was mailed to all parties on June 21, 2024.

4

Kinney appealed,[3] assigning the following assignments of error: (1) the district court erred in failing to allow Kinney to conduct discovery prior to hearing BCBS's exception raising the objection of lack of subject matter jurisdiction; (2) the district court erred in considering BCBS's memorandum in support of its exception as evidence; and (3) the district court erred in sustaining the exception and concluding jurisdiction over Kinney's suit lies solely within the jurisdiction of the Commissioner.

## LAW AND DISCUSSION

Jurisdiction is the legal power and authority of a court to hear and determine an action of the parties and to grant the relief to which they are entitled. La. C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or by legislative enactment; the parties cannot confer or waive it. See La. C.C.P. art. 3; **Morales v. Wilder**, 2023-0067 (La. App. 1 Cir. 9/15/23), 375 So.3d 1019, 1023, writ denied, 2023-01383 (La. 12/19/23), 375 So.3d 409. Generally, a district court has original jurisdiction over all civil and criminal matters and appellate jurisdiction as provided by law. La. Const. art. V, § 16.

An objection to the lack of subject matter jurisdiction is raised by peremptory exception. La. C.C.P. art. 927(A)(8). Where the lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the defendant to offer evidence in support of the exception. See La. C.C.P. art. 931; **Morales**, 375 So.3d at 1023. The district court's determination of whether it has subject matter jurisdiction over a case is subject to *de novo* review. **Morales**, 375 So.3d at 1023.

---

[3] Kinney timely filed a motion for devolutive appeal on June 27, 2024.

5

We must first determine the relief sought by Kinney in order to resolve the subject matter jurisdiction issue. See **Louisiana Horsemen's Benevolent and Protective Association 1993, Inc. v. Fair Grounds Corp.**, 95-1702 (La. App. 1 Cir. 4/4/96), 672 So.2d 340, 341, writ denied, 96-1163 (La. 6/7/96), 674 So.2d 968, and writ denied, 96-1125 (La. 6/7/96), 674 So.2d 969. Kinney's petition seeks the issuance of a writ of mandamus. Mandamus is a writ directing a public officer, a corporation, or an officer thereof, or a limited liability company or a member or manager thereof, to perform any of the duties set forth in La. C.C.P. arts. 3863 and 3864. La. C.C.P. art. 3861. The relief Kinney seeks in his petition is based on La. C.C.P. art. 3864(A), which states that a writ of mandamus may be directed to a corporation or an officer thereof to compel (1) the holding of an election or the performance of other duties required by the corporation's articles of incorporation or bylaws, or as prescribed by law; or (2) the recognition of the rights of the corporation's members or shareholders. In his petition, Kinney sought just that: the issuance of a writ of mandamus compelling BCBS to (1) hold an open and fair election for the Board by the BCBS membership as required by the Articles and La. R.S. 22:119; and (2) recognize his rights as a member of BCBS, including but not limited to, his right to participate in a Board election.

This suit does not concern approval of proxy forms and/or amendments to the Articles, as BCBS argues in its exception. Further, neither the Insurance Code nor the Louisiana Constitution grants authority to the Commissioner or the Department of Insurance to issue a writ of mandamus compelling BCBS or any other insurance

company to abide by its own Articles or the law.[4] Thus, after a *de novo* review, we find the district court has jurisdiction over this matter.[5]

**DECREE**

For the aforementioned reasons, the district court's June 7, 2024 judgment sustaining the peremptory exception raising the objection of lack of subject matter jurisdiction filed by Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana, and dismissing all claims asserted by Plaintiff, Henry W. Kinney, is hereby reversed. All costs of this appeal are assessed to Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana.

**JUDGMENT REVERSED; REMANDED.**

---

[4] We note that La. R.S. 22:2207 provides that a writ of mandamus may be sought to compel the Commissioner to perform a ministerial duty as established by law, where it is alleged that the Commissioner is acting fraudulently or not impartially fulfilling his duties, or where the delay involved in obtaining ordinary relief may cause injustice. However, Kinney's petition does not invoke La. R.S. 22:2207; rather, Kinney seeks a writ of mandamus compelling BCBS, not the Commissioner, to hold an election or perform other duties required by its Articles and to recognize of the rights of its members. Therefore, we find La. R.S. 22:2207 inapplicable.

[5] Having found the district court has subject matter jurisdiction over Kinney's petition, Kinney's other assignments of error are rendered moot.