(107 So. 511)

No. 27162.

## LOUISIANA STATE BOARD OF DENTISTRY v. HODGE.

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Physicians and surgeons ⬤11(2)—Revocation of certificate of dentist admitted to examination before graduation held not authorized on ground of fraud (Act No. 30 of 1922).**

   Where state board of dentistry required written proof that applicant was graduate of dental school, but suspended its regulation as it had a right to do, out of sympathy for discharged soldier, who passed examination and became successful dentist, board afterwards could not revoke his certificate, under Act No. 30 of 1922, on ground that it was obtained by misrepresentation, fraud, and deceit.

2. **Physicians and surgeons ⬤4—Requirement of graduation from dental college held dispensed with, where certificate recited graduation after discharge from army.**

   Where applicant for state dental examination presented discharge from military service showing enlistment from December 5, 1917, till March 8, 1919, certificate of state board of dentistry, certifying that it had received satisfactory evidence that he graduated from dental college June 16, 1919, *held* to show that requirement that applicant be graduate of dental college was dispensed with.

Appeal from Twenty-Fourth Judicial District Court, Parish of Jefferson; L. Robert Rivarde, Judge.

Suit for injunction by the Louisiana State Board of Dentistry against John E. Hodge. From a decree for plaintiff, defendant appeals. Annulled and reversed, and suit dismissed.

F. A. Middleton and Chas. J. Larkin, Jr., both of New Orleans, for appellant.

A. T. Higgins, of New Orleans, for appellee.

LAND, J. This is an appeal by the defendant from a judgment rendered in the Twenty-Fourth judicial district court, perpetuating an injunction, issued under Act 30 of 1922, prohibiting and restraining defendant from practicing dentistry and holding himself out to the public as a dentist and doctor of dentistry, and directing and ordering defendant to return the certificate issued to him by the Louisiana state board of dentistry.

Plaintiff board issued to defendant a certificate, dated July 21, 1919, authorizing him to practice dentistry. This certificate was revoked by said board on June 3, 1921, and again on June 7, 1923.

[1] It is alleged in the petition in this case that—

Said certificate was obtained from said board "by misrepresentation, fraud and deceit, said Hodge representing himself as a member of the graduating class of the College of Dentistry of Loyola University of the City of New Orleans, La., and appearing at the office of the secretary-treasurer with the other members of the graduating class of said college of dentistry of said university for the purpose of taking the state board examination in order to get the necessary certificate to practice dentistry in the state of Louisiana. That the said Hodge was not a member of the graduating class of said Loyola University Dental College and has never up to the present time graduated from said university."

There is no law of this state requiring any applicant wishing to take the examination before the Louisiana state board of dentistry to be a graduate of any recognized dental school, college, or university that has met all of the requirements of the Louisiana state board of dentistry. This is merely one of the rules and regulations of the Louisiana state board of dentistry, which they may change at will, and which was suspended in this particular case by plaintiff board, under our appreciation of the facts of the case. Defendant denies most positively that he made any representation to the secretary of the board that he was a graduate of the Dental College of Loyola University. Nor did the secretary of the board testify on the trial of this case that any such representation

had been made to him by defendant, except on direct examination, his testimony being modified on cross-examination to the statement that, if defendant "didn't tell me that he had graduated, he certainly wished me to believe that he had graduated from Loyola."

It is idle to speak of misrepresentations by defendant as to his being a graduate of Loyola University in the dental department, when the secretary of the board had in his office a list of all graduates of Loyola University, at the time it is charged that defendant made the misrepresentation in this case. A mere reference to the list of dental graduates applying for examination before the board would have disclosed at once the falsity of any such representation by defendant, if the same had been made.

It is clear that plaintiff board does not rely upon any mere verbal statement of any applicant for examination as to his being a dental graduate.

Not only was the list of graduates from Loyola University furnished to the secretary of the board, in the present case, but it is provided in rule 3 of plaintiff board that—

"In all other cases the application must be accompanied *by the applicant's dental diploma.* If the applicant is about to graduate, and his dental diploma has not been granted before the examination begins, he may present in lieu of it *a certificate signed by the dean or secretary of his college,* certifying that he has completed, or will complete, the required course in dentistry, and will be awarded his diploma."

In other words, the rules of plaintiff board require that the applicant must present *written proof* that he is a graduate of some dental school, by annexing *his diploma* to his application, or he must present *written proof* by furnishing the necessary certificate signed by the dean or secretary of his college.

So, it is not possible for plaintiff board to be misled or deceived in any way by any *oral* misrepresentation as to the status of the applicant for examination, if the secretary of the board enforces the rules of the board on this subject.

The only *written* document presented by defendant to the secretary of plaintiff board was his "honorable discharge from the military service of the United States by reason of Per Cir. 106 W. D. 12/3/18." This discharge was given at Camp Sheridan, Ala., March 8, 1919. Defendant had been enlisted or inducted December 5, 1917, at New Orleans, La.

It is plain to us that plaintiff board suspended its regulations in this case as to the requirement that an applicant should be a graduate of a dental school. This suspension was clearly based upon the sympathy which the individual members of plaintiff board felt for the defendant as a discharged soldier in the World War with Germany, as evidenced by the following statement made by the secretary of said board:

"He (defendant) came privately to my office and had a long talk with me, and told me about some misfortune he had with his eyes—I believe he said he had been in the service, and my recollection was that he had been gassed, or something of that sort, or had some other trouble with his eyes, and had not been able to study as hard as he would have liked to have studied, and he was very nervous about getting by on his final examination, and he requested me *to be as lenient as I possibly could with him.* I told him that I had no discretion in those matters, that I was only secretary, but that I was interested in his story, *and that I would do whatever I could by laying his case before the members of the board and asking them to be as liberal and lenient with him as they possibly could. And, as a matter of fact, I did lay his case before each member individually, having felt a very deep sympathy for the young man.* I thought that he had been injured in the army, his eyesight was bad, and he had no resources, *and he excited my sympathy in the deepest manner.* * * *

"So, he went on through, took the examination, *and enlisted the sympathy of the members of the board, and got them to mark him liberally, and he got by, barely scraped by.*"

Yet defendant passed plaintiff board, whether with a small or a large margin to his credit.

Without any diploma annexed to defendant's application, and without any certificate of the dean or secretary of the Dental Department of Loyola University, as required by the rules and regulations of plaintiff board, the secretary of said board gave to defendant the following order:

"Please admit Dr. J. E. Hodge to all examinations."

The secretary of plaintiff board testified that—

"The board has the power to change, alter, amend or create new rules and regulations at will."

[2] As the certificate, signed by the secretary of plaintiff board, and issued to Dr. Hodge, certifies "that the state board of dentistry has received satisfactory evidence that Dr. John E. Hodge is a graduate of Loyola Dental College, having received the degree of doctor of dental surgery on the 16th day of June, 1919," it is clear that the requirement as to the applicant being a graduate of a dental college was dispensed with, as defendant enlisted December 5, 1917, and was not discharged from military service until March 8, 1919, as shown by his certificate of discharge, which was presented by defendant to the secretary of plaintiff board before his examination.

Defendant could not possibly have graduated at Loyola University "on the 16th day of June, 1919," as stated in said certificate, when he was in the United States army from December 5, 1917, until March 8, 1919; nor do we believe that defendant, in the very face of the date of his certificate of discharge, could have made to the secretary of plaintiff board any statement to such effect.

The following testimony of the secretary of the board shows the true facts of this case:

"Q. Now, Doctor, I understand that, in this matter, you state honestly that you made an error? A. Yes, sir.
"Q. Due, somewhat, to your own laxity? A. Yes.

"Q. I want to ask you whether or not Dr. Hodge ever, at any time, stated to you that he was a graduate of Loyola University? A. Well, I wouldn't swear that he did; I wouldn't say positively that he did, but he certainly led me to believe that he was."

The secretary of plaintiff board states that he was led to believe that defendant was a graduate of Loyola University because he "had taken one of the examinations a year or two before, as an undergraduate, and that, in the natural course of events, he should have to come up with the graduating class," and that "Dr. Hodge came up to my office along with the graduating class of the Loyola University for that year, 1919, and told me he wanted to take the board."

Plaintiff board has failed to substantiate its charge against defendant that he obtained the certificate to practice dentistry from said board by misrepresentation, fraud, and deceit.

It is clear that said certificate was granted through the sympathy of the individual members of plaintiff board, and, for this reason, that the rule as to the requirement that the applicant should be a graduate of a dental college was suspended, as plaintiff board had the legal right to do.

Defendant was a student in the Dental Department of Loyola University, when he enlisted in the army. He had attended that college two years, and, since the issuance of his certificate in the year 1919, has practiced his profession.

The testimony shows that defendant's reputation among dentists as a practicing dentist is good.

During the five years defendant has practiced his profession as a dentist, he has earned $3,000 per annum.

Defendant testifies that—

When he called on the secretary of plaintiff board in reference to his final examination before the board, "I showed him my discharge papers and showed him some papers where I had been awarded compensation from the govern-

ment on account of the loss of the use of an eye and ear in the service. That was about all the conversation between us. I asked him how many more subjects I had, and he said, 'you only have a few more.' He looked on his record and gave me a permit to take the examination. He said, 'Take these, and get them off your mind, and get through with it.' That is the extent of the conversation, about."

Defendant denies that he made to the secretary of plaintiff board any statement that defendant was a graduate of Loyola Dental College. He also denies that he attempted by any act or word to mislead the secretary, or any member of plaintiff board, into believing that he had graduated from Loyola University.

In our opinion, the facts and the law of the case are with defendant.

It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that the injunction herein issued and perpetuated be dissolved, and that the resolution of date June 3, 1921, and June 7, 1923, adopted by plaintiff board, canceling and revoking the certificate of date July 21, 1919, issued by said board to the defendant, Dr. John E. Hodge, be rescinded and set aside.

It is further ordered that the demand of plaintiff board be rejected, and that this suit be dismissed.