55 So.2d 93 (1951)
KRAMER
v.
STATE BOARD OF VETERINARY MEDICAL EXAMINERS.
No. 3449.
Court of Appeal of Louisiana, First Circuit.
November 15, 1951.
Bolivar E. Kemp, Jr., Atty. Gen., James G. Palmer, Asst. Atty. Gen., for appellant.
Racivitch, Johnson & Wegmann, Herve Racivitch, Warren E. Mouledoux and William J. Conrad, all of New Orleans, for relator-appellee.
LOTTINGER, Judge.
The relator, Edward Kramer, seeks to compel, by mandamus, the respondent, State Board of Veterinary Medical Examiners, to grant him an examination and to issue him a license to practice veterinary medicine and surgery in the State of Louisiana. The lower court rendered judgment in favor of relator, ordering the Board to allow him to take the examination, but rejected his demand that the Board be ordered to issue him a license without an examination. The respondent Board appeals.
This case was submitted on an agreed statement of facts, which are as follows. The relator is a graduate of Middlesex University of Waltham, Massachusetts, he having completed the entire course of veterinary medicine and surgery offered by said university. The relator is of good character and standing, and made application to the Board for an examination, the application having been made on forms furnished by the Board. The application was accompanied with the prescribed fee, however, the fee was returned to relator when his application was rejected. The reason the application was denied was because relator was not a graduate of a recognized and accredited veterinary college, as required by the rules of the respondent Board. The lower court, as stated above, ordered that relator be allowed to take the examination, but held that it was without authority to order the Board to issue relator a license without him having taken and successfully completed the examination. From that portion of the judgment ordering the respondent Board to grant relator an examination, *94 the respondent Board has prosecuted this appeal.
Rule No. 22 of the Board provides as follows: "All applicants for permanent license must be graduates from a recognized and accredited Veterinary College and accepted as such by the Council of Education of the American Veterinary Association;"
At the time of the application, Middlesex University was not recognized and accredited by the Council of Education of the American Veterinary Association. Therefore, the only question to be decided here is as follows: Did the respondent Board, under the law, possess the authority to adopt the set of rules under which it operates, and, more especially, the quoted Rule 22?
The respondent Board was established by Act 202 of the Louisiana Legislature of 1908, LSA-R.S. 37:1511 through 37:1530. Section 4 of said act, LSA-R.S. 37:1517, provides as follows:
"The board shall examine into the qualifications of all applicants for certificates to practice veterinary medicine or veterinary surgery in this state, and report any violation of this Chapter to the proper authorities.
"The board may elect from its members a president and secretary, and create other offices and adopt any rules and regulations necessary and proper for the efficient operation of the board."
Section 6 of said act, LSA-R.S. 37:1519, provides as follows:
"A person desiring to practice veterinary medicine or veterinary surgery in this state shall:
"(1) Present satisfactory proof that he is of good character and standing;
"(2) Make application in writing to the board upon blanks provided by the board for that purpose;
"(3) Accompany the application with the examination fee prescribed in R.S. 37:1523; and
"(4) Present himself before the board for examination upon the following branches: veterinary anatomy, veterinary physiology, chemistry, veterinary pathology, veterinary materia, medica, and veterinary practice."
Respondent Board alleges that insofar as the Board was given the authority to adopt any rules and regulations as was "necessary and proper for the efficient operation of the board", LSA-R.S. 37:1517, that such authority would necessarily empower the Board to set up rules and regulations pertaining to the qualifications of applicants for examination. We fail to agree with this line of reasoning. LSA-R.S. 37:1517, in our opinion gives the Board the power to "examine into the qualifications of all applicants", however, we believe this to mean that the Board is to prepare and conduct an examination for the applicants. There is no provision in said section empowering the Board to set qualifications for the applicants before examination. On the other hand LSA-R.S. 37:1519 is very definite as to the requirements that must be met by the applicant. It even goes so far as to specify the form to be used in submitting the application, and to set forth the requirement that a fee accompany the application. Had the Legislature intended that the applicant be a graduate of an accredited college, we believe that the Legislature would have so provided.
We believe that LSA-R.S. 37:1519 is controlling as to the requirements for application for the examination. Nowhere in the act does the Legislature require the applicant to be a graduate of an accredited college of veterinary medicine and surgery. Furthermore, nowhere in the act does the Legislature grant unto the Board the authority to prescribe rules and regulations as to the qualifications to be met by applicants prior to their application for the examination. True the act directs the Board to examine into the qualifications of all applicants, but this is to be done by the examination itself, and we do not believe that the Board may deny the examination to a person fulfilling the requirements of LSA-R.S. 37:1519.
Able counsel for respondent cites Louisiana State Board of Dentistry v. Hodge, 160 La. 743, 107 So. 511, 512, wherein the Board sought to revoke a dental license issued Hodge on the ground that the license had been fraudulently obtained. The Board claimed that Hodge had held himself out as *95 a graduate of Loyola University Dental School in obtaining the license. Rules of the Board required the application to be accompanied by applicant's dental diploma, however, in certain instances, the requirement of the diploma might be waived. The court held that, although Hodge was not a graduate of a dental school, he had not obtained the license fraudulently, and dismissed the suit. There was no marked similarity there to the present case. In dicta, the court said: "There is no law of this state requiring any applicant wishing to take the examination before the Louisiana state board of dentistry to be a graduate of any recognized dental school, college, or university that has met all of the requirements of the Louisiana state board of dentistry."
The lower court, in its written opinion, relied upon the decision in Charbonnet v. Board of Architectural Examiners, 205 La. 232, 17 So.2d 261, 263, wherein the Supreme Court said:
"If the contention of the Board be well founded, it has the power and authority to set aside the plain provisions of the act and substitute its judgment for that of the Legislature, by refusing to recognize a diploma issued by any school of architecture in the country on the sole ground that in its opinion the graduates of well recognized schools of architecture of good standing should not be permitted to practice their profession until they have complemented their course of study with three years of practical experience.
"Clearly, we think, the members of the Board of Examiners have misconceived their duty, power, and responsibility. The Legislature itself has prescribed the qualifications of architects and has assumed the responsibility of permitting those who hold diplomas from schools of architecture of good standing to practice the profession of architecture in this state. The Legislature did not intend to confer upon the Board of Examiners the arbitrary authority and power which it is assuming in this case. The Board cannot substitute its judgment for that of the Legislature."
We believe that the same line of reasoning should prevail here. Act 202 of 1908 sets forth the qualifications that must be met by applicants for the examination. The act does not delegate to the Board the authority to set rules which an applicant must meet before qualifying for the examination. Nowhere in the act does the Legislature require the applicant to be a graduate of an accredited college of veterinary medicine and surgery. The Board is without authority to enlarge the powers delegated to it by the Legislature. Without such authority, Rule 22 cannot be enforced.
For the foregoing reasons the judgment of the lower court is affirmed, costs to be paid by respondent.