Dear Representative Bruneau:
This office is in receipt of your letter of January 25, 1999 requesting an opinion interpreting the provisions of La. R.S.18:1511.2, R.S. 42:1134 and R.S. 49:951(6). Specifically your question concerns the validity of Opinion No. 98-232 of the Louisiana Board of Ethics acting as the Supervisory Committee on Campaign Finance Disclosure. While traditionally it has been the policy of this office to defer questions and matters arising under the authority and jurisdiction of the Board of Ethics[1]
to that agency, your questions relate to the very authority of the agency exercising its statutory functions and responsibilities. Accordingly this matter is considered appropriate for the rendition of an Attorney General Opinion.
La. R.S. 42:1134 E. provides general authority of the Board of Ethics concerning advisory opinions, specifically:
 "§ 1134. Powers, duties, and responsibilities of the board
 * * *
 The board may render advisory opinions with respect to the provisions of this Chapter and any other law within its jurisdiction and rules and regulations issued by the board. . . .
More specifically La. R.S. 18:1511.2 provides the following authority of the Supervisory Committee with respect to Campaign Finance Disclosure:
 "§ 1511.2. Supervisory Committee; rule-making authority, advisory opinions.
 A. The supervisory committee may adopt and promulgate rules and regulations in accordance with the Administrative Procedures Act necessary to effectuate the provisions and purposes of this Chapter. Such rules shall be in conformity with the provisions of this Chapter and may include but shall not be limited to any rule to:
 (1) Provide for operations of the committee and for committee investigations and proceedings pursuant to this Chapter.
 (2) Clarify a provision of this Chapter.
 (3) Define a term used in this Chapter.
 (4) Apply a general provision of this Chapter or of a committee rule or regulation to specific circumstances.
 (5) Provide for preparation and distribution of forms for all reports required by this Chapter, as provided in R.S. 18:1511.3, and to provide instructions and explanation for the completion of such forms.
 B. The supervisory committee may render an advisory opinion concerning the application of a general provision of this Chapter, or a general provision prescribed as a rule or regulation by the committee. The supervisory committee may render an opinion in response to a request by any public official, any candidate for public office, any political committee, or the committee may render an advisory opinion on its own initiative. Such an opinion shall not constitute a rule under the provisions of the Administrative Procedures Act and the supervisory committee shall not be subject to that Act in carrying out the provisions of this Subsection.
The language of La. R.S. 18:1511.2 B. appears somewhat broad with respect to the Committee's authority to render advisory opinions, however, such authority is limited to "opinion(s) concerning the application of a general provision of this Chapter . . ."
Opinion 98-232 purports to interpret the provisions of La. R.S.18:1505.2 I. which provides in pertinent part:
 ". . . contributions received by a candidate or a political committee may be expended for any lawful purpose, but such funds shall not be used, loaned, or pledged by any person for any personal use unrelated to a political campaign or the holding of a public office or party position . . ."
Certain portions of Opinion No. 98-232 require review and analysis and are restated below:
 . . . campaign related activities or matters relating to the holding of public office must be the primary purpose of meals paid with campaign funds and must be the primary purpose of the use of a vehicle (or any other item) purchased with campaign funds. Any item purchased with campaign funds becomes an asset of the campaign. When no longer useful to the campaign, a campaign asset may be sold at fair market value with the proceeds going to the campaign account or may be donated to a charitable organization as specified in R.S. 18:1505.2 I.
 In order to further assist candidates and officeholders in determining whether a particular use of campaign funds is acceptable, the Board adopts the standard used by the Federal Election Commission which defines as personal use of campaign funds any use of funds to fulfill a commitment, obligation or expense of any person that would exist irrespective of the candidate's campaign or responsibilities as a public officeholder. In other words, if an expense would exist even in the absence of the candidacy or even if the officeholder was not in office, campaign funds may not be used.
Other aspects of Opinion No. 98-232 have not been addressed specifically.
The issue becomes whether the Board's issuance of an advisory opinion interpreting "personal use unrelated to a political campaign or the holding of public office or party position" is within its statutory authority or alternatively whether such interpretation is more properly effectuated as a rule requiring promulgation in accordance with the Administrative Procedure Act, La. R.S. 49:950 et seq.
The parameters of a state agency's authority have been defined by jurisprudence. In Benson and Gold Chevrolet, Inc. v. LouisianaMotor Vehicle Commission, 403 So.2d 13 (La. 1981), the Supreme Court states:
 "Although a regulatory agency is entitled to a certain amount of hegemony over the statutes it is entrusted to administer, it cannot go too far afield from the letter of the law even if it perceives that it is furthering the law's spirit. While the jurisprudence of this state has not frequently treated matters of administrative law, the principle is well established that an administrative agency must act in conformity with its statutory authority, which it cannot exceed."
In Realty Mart, Inc. v. Louisiana Board of Tax Appeals,336 So.2d 52 (La.App. 1 Cir., 1976) the First Circuit reasoned that:
 An administrative board or agency only has the power and authority expressly granted by the constitution or statutes. Nevertheless, some power and authority may be implied as necessary or appropriate in order to effectuate the express powers granted to, or imposed upon, such board or agency.
Relevant to this discussion and related to the issue of an agency's statutory authority are cases involving challenges to legislation as constituting an unconstitutional delegation of legislative authority.
In Schwegmann v. McCrory, 112 So.2d 606 (La. 1959) the Supreme Court addressed a challenge to Act 193 of 1958. The Court stated:
 It is now well settled that the Legislature may make the operation or application of a statute contingent upon the existence of certain conditions, and may delegate to some executive or administrative board the power to determine the existence of such facts and to carry out the terms of the statute. So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in its nature. The United States Supreme Court has aptly observed that while powers of administration and legislation are quite distinct, "the line which separates exactly their exercise is not easy to define in words. It is best recognized in illustrations. Undoubtedly the legislature must declare the policy of the law and fix the legal principles which are to control in given cases; but an administrative body may be invested with the power to ascertain the facts and conditions to which the policy and principles apply. . . ."
And more recently in State v. Union Tank Car Company,439 So.2d 377 (La. 1983):
 [A]lthough the legislature may not delegate the legislative power to determine what the law shall be, it may delegate to administrative boards and agencies of the state the power to ascertain and determine the facts upon which the laws are to be applied and enforced. State v. Rodriguez, 379 So.2d 1084
(La. 1980); State v. Guidry, 142 La. 422, 76 So. 843 (La. 1917).
La. R.S. 18:1511.2 B. does not grant authority to the Supervisory Committee to determine what the law shall be or to exercise primary or independent discretion but only authorizes the Committee to "render advisory opinions concerning the application of a general provision." The Commission is specifically authorized to adopt and promulgate rules in accordance with the Administrative Procedure Act clarifying a provision of the Chapter or defining a term used in the Chapter. La. R.S. 18:1511.2
A.
Opinion No. 98-232 purports to interpret a general provision and to define the term(s) "personal use unrelated to a political campaign or the holding of a public office or party position" as used in La. R.S. 18:1505.2 I.
Specifically, Opinion No. 98-232 states in part that, "campaign related activities . . . must be the primary purpose of meals paid with campaign funds and must be the primary purpose of the use of the vehicle (or any other item) purchased with campaign funds." The opinion further states that the Board adopts the standard used by the Federal Election Commission which is paraphrased such that "if an expense would exist even in the absence of the candidacy or even if the officeholder was not in office, campaign funds may not be used." These aspects of Opinion 98-232 appear to go beyond determining facts upon which the law by its own terms operates.
The statute provides that campaign funds shall not be used for personal use unrelated to a campaign or the holding of public office or party position. La. R.S. 18:1505.2 I. The statute does not incorporate a "primary purpose" test or adopt the standards of the Federal Election Committee, both elements of the Opinion which appear more restrictive than the language of the statute. See, Kramer v. State Board of Veterinary Medical Examiners,55 So.2d 93 (La.App. 1 Cir., 1951).
It would appear that such statements or guidelines as contained in Opinion 98-232 are more appropriately effectuated as administrative rules adopted and promulgated in accordance with the Administrative Procedure Act, La. R.S. 49:950 et seq. Compliance with the rule-making process would further allow the oversight committees to make a determination as to, among other matters, whether the rule exceeds the Supervisory Committee's statutory authority. La. R.S. 49:968 D. (3) provides specifically:
 (3) At such hearings, the oversight subcommittees shall:
 (a) Determine whether the rule change or action on fees is in conformity with the intent and scope of the enabling legislation purporting to authorize the adoption thereof.
 (b) Determine whether the rule change or action on fees is in conformity and not contrary to all applicable provisions of law and of the constitution.
 (c) Determine the advisability or relative merit of the rule change or action on fees.
 (d) Determine whether the rule change or action on fees is acceptable or unacceptable to the oversight subcommittee.
The Supervisory Committee is only authorized to clarify provisions and define terms by rule. La. R.S. 18:1511.2 A. Subsection B. authorizing the Committee to render advisory opinions concerning the application of a general provision does not in any manner conflict with or supersede Subsection A. or the general requirement that rules shall be adopted in accordance with the Administrative Procedure Act, La. R.S. 49:953. See also La. R.S. 49:963.
La. R.S. 49:951(6) defines "rule" to mean:
 Each agency statement, guide, or requirement for conduct or action, exclusive of those regulating only the internal management of the agency and those purporting to adopt, increase, or decrease any fees imposed on the affairs, actions, or persons regulated by the agency, which has general applicability and the effect of implementing or interpreting substantive law or policy, or which prescribes the procedure or practice requirements of the agency. "Rule" includes, but is not limited to, any provision for fines, prices or penalties, the attainment or loss of preferential status, and the criteria or qualifications for licensure or certification by an agency. A rule may be of general applicability even though it may not apply to the entire state, provided its form is general and it is capable of being applied to every member of an identifiable class. The term includes the amendment or repeal of an existing rule but does not include declaratory rulings or orders or any fees. (emphasis added)
Accordingly it is the opinion of this office that the substance of Opinion No. 98-232 as referenced herein, constitutes rules in accordance with La. R.S. 18:1511.2 A. and La. R.S. 49:951(6) which require adoption and promulgation in accordance with the Administrative Procedure Act. La. R.S. 49:950 et seq. Other aspects of Opinion 98-232 concerning expenses, indigent assistance, personal loans and gifts are not addressed specifically herein. However, the same rationale would appear to apply.
Hopefully this addresses your concerns. Please advise if this office may be of further assistance.
Sincerely,
 Richard P. Ieyoub ATTORNEY GENERAL
 By: ______________________ Thomas A. Warner, III Assistant Attorney General
TAW/epd
[1] Formerly the Commission on Ethics for Public Employees and Board of Ethics for Public Officials