Dear Representative Crane and Senator Dardenne:
I am in receipt of your request for an Attorney General Opinion wherein you ask a series of questions regarding the Louisiana Tuition Opportunity Program for Students (hereinafter referred to as TOPS). This opinion will begin with a discussion of the effect of statutes and administrative rules and the fundamentals of the application and eligibility requirements for federal student grant and loan programs before addressing your questions.
TOPS is created in LSA-R.S. 17:3048.1. Pursuant to LSA-R.S.17:3048.1(C)(1), the Louisiana Student Financial Assistance Commission (hereinafter referred to as LASFAC) is the agency designated to administer the TOPS program. LASFAC is given the authority to "provide by rule adopted as provided by the Administrative Procedure Act for all matters necessary to the implementation of this Section." LSA-R.S.17:3048.1(C)(1). Rules promulgated by LASFAC are contained in the Louisiana Administrative Code (LAC) Title 28 Part IV.
Administrative rules are intended to further the legislative will set forth in a statute. The legislature "declare[s] its will and, after fixing a primary standard, devolve[s] upon administrative officers the power to `fill up the details' by prescribing administrative rules and regulations." State v. Union Tank Car Co., 439 So.2d 377 (La. 1983) (citing United States v. Shreveport Grain and Elevator Co. 287 U.S. 77,53 S.Ct. 42, 77 L.Ed. 175 (1932)). An agency granted rule-making authority has the power to adopt, amend or repeal rules in compliance with the procedures set forth in the Administrative Procedure Act. Rules adopted by an agency pursuant to its statutory authority have the force and effect of law. A rule can be declared invalid or inapplicable if it violates constitutional provisions, exceeds the statutory authority of the agency or was adopted without substantial compliance with required rulemaking procedures. LSA-R.S. 49:963(C).
The LAC rules governing TOPS adopt the application process for federal student grants and loans as the application process for TOPS. The TOPS application requirements depend upon a student's eligibility for federal student grants. As a result, it is important to understand the different types of federal student financial assistance, the federal application process and the eligibility requirements for federal grants. Federal Student Assistance programs are governed by the United States Code, Title 20, Chapter 28, Subchapter IV, entitled "Student Assistance." The Parts of Subchapter IV distinguish between student grants and student loans. Within Subchapter IV, Federal Grant Programs are contained in Part A entitled "Grants to Students in Attendance At Institutions of Higher Education." Part A includes grants based on financial need, scholarships and programs providing different types of assistance to students. Grants include Federal Pell Grants and Federal Supplemental Educational Opportunity Grants. Student loan programs are governed by parts B, C and D as follows: Part B Federal Family Education Loan Program; Part C William D. Ford Federal Direct Loan Program; and Part D Federal Perkins Loans.
General eligibility requirements for federal student grants and loans are found in 20 U.S.C.A. § 1091. Federal grants and loans are awarded on the basis of financial need. Federal grants, unlike federal student loans, do not have to be repaid. The Secretary of the United State Department of Education has developed a form known as the Free Application for Federal Student Financial Assistance (hereinafter referred to as FAFSA). 20 U.S.C.A. § 1090. Students applying for federal grants and loans do so by submitting a FAFSA to a federal processor. The financial information reported on the FAFSA is used in a formula to determine a student's Expected Family Contribution (hereinafter referred to as EFC). The EFC is the amount a family is expected to contribute toward a student's education. The data elements reported on the FAFSA and the formulas to be used in determining the EFC are set forth in20 U.S.C.A 1087nn through 20 U.S.C.A. § 1087qq and20 U.S.C.A. § 1087ss.
Once the FAFSA has been processed, a Student Aid Report (SAR), which indicates the EFC, is sent to the student applying and to the colleges or other entities listed on the student's application. Based on this information, those colleges send the student a financial aid award letter detailing their federal financial aid eligibility and EFC. In determining eligibility for federal grants, if a student's EFC is below a certain amount, he will be eligible for the grant, assuming he meets all other eligibility requirements. Federal Pell Grants are available to all eligible students attending institutions that are eligible to receive federal grant and loan funding.
Pursuant to LSA-R.S. 17:3048.1, the Louisiana Tuition Opportunity Program for Students grants four types of awards: Opportunity, Performance, Honors and TECH. The issues in this opinion primarily focus on the procedural requirements for TOPS awards. Although the substantive requirements like grade point average and ACT score differ, the procedural requirements for each award are substantially the same. When discussing procedural requirements, the portions of LSA-R.S. 17:3048.1
and the LAC rules cited will refer to the requirements for Opportunity, Performance and Honors awards, with the TECH award requirements only being cited if they differ.
This opinion will answer your questions independently, addressing the requirements set forth in LSA-R.S. 17:3048.1 and those set forth in the LAC Title 28 Part IV. The issues you inquire about are governed by the LAC rules. These rules specifically set forth the requirements of TOPS and are the controlling law unless declared invalid pursuant to LSA-R.S.49:963(C). LSA-R.S. 17:3048.1 sets forth the guidelines and parameters to be used by LASFAC when adopting rules. Recognizing that, our analysis of LSA-R.S. 17:3048.1 will focus on what those guidelines and parameters are and our analysis of the rules will include their compliance with those guidelines. The LAC TOPS Program Rules cited in this opinion include rules updated through August 20, 2002, as provided by the Louisiana Office of Student Financial Assistance.
 Does LSA-R.S. 17:3048.1 require all students to complete a Free Application for Federal Student Aid (FAFSA) before receiving a TOPS award?
LSA-R.S. 17:3048.1(J) states: "[t]he student shall apply for a federal grant prior to receiving a grant of state funds under this Section unless the student can demonstrate that he does not qualify for federal grant aid." This provision establishes two categories of students: those who qualify for a federal grant and those who can demonstrate that they do not qualify for a federal grant. LSA-R.S. 17:3048.1(J) requires that students who qualify for a federal grant apply for a federal grant prior to receiving a TOPS award. This provision allows a student who is eligible for a federal grant to receive such a grant in conjunction with the receipt of a TOPS award, subject to the reduction of award set forth in LSA-R.S. 17:3048.1(K)(2). In order to apply for a federal grant, a student must complete a FAFSA and submit it to a federal processor. Because a FAFSA must be completed to apply for a federal grant and a federal grant must be applied for prior to receiving a grant of state funds, students who qualify for federal grant aid must complete a FAFSA prior to receiving a TOPS award.
Please note that LSA-R.S. 17:3048.1(J) does not require a student who qualifies for a federal grant to complete a FAFSA in order to apply for a TOPS award. It simply provides that such a student must apply for a federal grant, which requires the completion of a FAFSA, prior to receiving a state award. It does not adopt the FAFSA as the application for TOPS. Pursuant to LSA-R.S. 17:3048.1(J), any rule adopting an application for TOPS should have a mandatory requirement that a student who qualifies for a federal grant apply for a federal grant prior to receiving a TOPS award. The rule can adopt the FAFSA as the TOPS application for such students, because LSA-R.S. 17:3048.1(J) creates the mandatory requirement and adopting the FAFSA would further compliance with that requirement. Alternatively, the application for such students can be independent of the application for a federal grant as long as the federal grant is applied for prior to the student receiving a TOPS award. For example, a rule can adopt an application process that requires a student to submit a copy of his Student Aid Report along with his application for TOPS, resulting in compliance with LSA-R.S.17:3048.1(J).
The second category of students created in LSA-R.S. 17:3048.1(J) consists of those students who can demonstrate that they do not qualify for federal grant aid. LSA-R.S. 17:3048.1(J) exempts such students from applying for a federal grant prior to receiving a grant of state funds. LSA-R.S. 17:3048.1(J) does not adopt a method for a student to make a demonstration that he does not qualify for federal grant aid. Pursuant to LSA-R.S. 17:3048.1(J), any rule adopting an application for TOPS should exempt those students who can demonstrate that they do not qualify for a federal grant from applying for a federal grant and provide a method of demonstrating that they do not qualify. As previously discussed, a student applies for a federal grant by submitting a FAFSA to a federal processor. Because of the exemption created in LSA-R.S.17:3048.1(J), a rule cannot require students who can demonstrate that they do not qualify for federal grant aid to submit a FAFSA to a federal processor prior to receiving a grant of state funds.
 2. Do the Louisiana Administrative Code rules governing TOPS require all students to complete a Free Application for Federal Student Aid (FAFSA) before receiving a TOPS award?
The answer to this question will be restricted to the application requirements of all new applicants for TOPS awards, since the requirements of upperclassmen will be addressed in questions five and six. LASFAC has adopted rules governing the application process for all new TOPS Opportunity, Performance and Honors award applicants, including those students who do and those who do not qualify for a federal grant. LAC 28:IV § 703 sets forth the criteria necessary to establish eligibility for a TOPS Opportunity, Performance or Honors award. LAC 28:IV § 703.A.3 provides that a student must "submit the completed Free Application for Federal Student Aid (FAFSA) in accordance with § 501" to establish eligibility for a TOPS award. LAC 28:IV § 501.A states:
A. Initial Application
 All new applicants for Louisiana scholarship and grant programs must apply for federal aid by completing the Free Application for Federal Student Aid (FAFSA) for the academic year following the year the student graduated from high school.
 1. All applicants (except those students who can demonstrate that they do not qualify for federal grant aid because of their family's financial condition) must complete all applicable sections of the initial FAFSA.
 2. Students who can demonstrate that they do not qualify for federal grant aid because of their family's financial condition must complete all applicable sections of the initial FAFSA except those sections related to the income and assets of the applicant and the applicant's parents.
LAC 28:IV § 703.A.3 and LAC 28:IV § 501.A adopt the FAFSA as the application for new TOPS Opportunity, Performance and Honors applicants. LAC 28:IV § 501.A requires that all new applicants apply for federal aid by completing the FAFSA. Sections 501.A.1 and 501.A.2 distinguish between what sections of the FAFSA must be completed by those students who qualify for federal grant aid and those who can demonstrate that they do not qualify for federal grant aid. No method is adopted to demonstrate that one does not qualify for federal grant aid. Although the sections of the FAFSA that must be completed differ, as § 501.A indicates, all applicants must apply for federal aid, which requires the submission of a FAFSA to a federal processor. In answer to your second question, LAC 28:IV § 703.A.3 and LAC 28:IV § 501.A require all new applicants for TOPS Opportunity, Performance and Honors awards to complete at least some portion of the FAFSA and submit it to a federal processor to apply for a TOPS award, which is necessary to receive an award. By having to submit a FAFSA to a federal processor, all TOPS Opportunity, Performance and Honors applicants, including those who can demonstrate that they do not qualify for federal grant aid, are being required to apply for federal aid.
The application requirements for students applying for TOPS TECH awards differ from TOPS Opportunity, Performance and Honors award applicants. Pursuant to LAC 28:IV § 803.A.3, to establish eligibility for the TOPS TECH award, a student must "submit the completed initial Free Application for Federal Student Aid (FAFSA) or renewal FAFSA by the applicable state aid deadline in accordance with the requirements of section 503." LAC 28:IV § 503 sets forth the application deadlines. LAC 28:IV § 803.A.3 adopts the FAFSA as the application for a TOPS TECH award. It does not require that a FAFSA be submitted in accordance with § 501, which, as discussed, allows certain students to submit a FAFSA without completing the income and assets sections. This indicates that all students applying for a TOPS TECH award must submit a FAFSA with all sections completed. By having to submit a FAFSA to a federal processor, all TOPS TECH applicants, including those who can demonstrate that they do not qualify for federal grant aid, are being required to apply for federal aid.
As previously noted, rules are adopted by administrative agencies to further the legislative will set forth in statutes. In a statutory scheme that provides for an administrative agency to adopt rules governing a program, statutes provide standards for the guidance of the agency promulgating the rules. In order to be valid, an action taken by an administrative agency must fall within its legislative grant of authority." Realty Mart, Inc. v. Louisiana Board of Tax Appeals,336 So.2d 52 (La.App. 1st Cir. 1976). Inherent in the legislature's grant of authority to an agency to adopt rules is the requirement that any issue addressed by the statute must be consistently reflected in the rules adopted by the agency. For example, when the legislature sets forth a requirement for an application process in a statute, the legislature's grant of authority in reference to rules adopting an application process is limited to the establishment of rules consistent with the statute. Failure to adopt rules consistent with the statute results in the agency exceeding its statutory authority.
As explained by the Louisiana Supreme Court in Benson GoldChevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La. 1981): "Although a regulatory agency is entitled to a certain amount of hegemony over the statutes it is entrusted to administer, it cannot go too far afield from the letter of the law even if it perceives that it is furthering the law's spirit . While the jurisprudence of this state has not frequently treated matters of administrative law, the principle is well established that an administrative agency must act in conformity with its statutory authority, which it cannot exceed." A regulation that creates a rule out of harmony with the statute is a nullity. Pearce v.Kramer 128 So.2d 304 (La.App. 3rd Cir. 1961) (citing Manhatten GeneralEquipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129,56 S.Ct. 397, 80 L.Ed. 528). Regardless of the reasonableness of the rule promulgated by an agency, "where such rule or regulation is contra to the statute the regulation is a nullity." Smith Milk Company v. Pearce129 So.2d 525 (La.App. 1st Cir. 1961).
Although LASFAC, as the administering agency, has the authority to adopt rules for all matters necessary for the implementation of the TOPS program, including applications, such rules must be consistent with any requirements set forth in LSA-R.S. 17:3048.1. In LSA-R.S. 17:3048.1(J), the legislature has set forth a mandatory requirement that all students who are eligible for a federal grant apply for such prior to receiving a state award. The application requirements for such students, as set forth in LAC 28:IV § 703.A.3, § 501.A. and § 803.A.3, comply with this statutory requirement. In LSA-R.S. 17:3048.1(J), the legislature has also exempted those students who can demonstrate that they do not qualify for federal grant aid from applying for a federal grant. Any rule adopting an application process for such students must reflect the legislative will that those students who can demonstrate that they do not qualify for federal grant aid not be required to apply for a federal grant. By requiring all students to submit a FAFSA to apply for a TOPS award, LAC 28:IV § 703.A.3, § 501.A and § 803.A.3 are requiring all students to apply for federal aid. By not exempting students who can demonstrate that they do not qualify for federal grant aid from applying for a federal grant, the aforementioned rules are contrary to the legislative will set forth in LSA-R.S. 17:3048.1(J). It is the opinion of this office that LASFAC has exceeded its statutory authority by adopting the portions of LAC 28:IV § 703.A.3, § 501.A. and § 803.A.3 that require students who can demonstrate that they do not qualify for federal grant aid to apply for a federal aid.
 3. Is there an alternative method of applying for a TOPS award other than the submission of a FAFSA?
LSA-R.S. 17:3048.1, as previously discussed, does not set forth a process for applying for a TOPS award. In reference to applications, it sets forth of a requirement that must be met by some students prior to the receipt of a TOPS award and guidelines for rules adopting applications. LAC 28:IV § 703.A.3, § 501.A and § 803.A.3 adopt the FAFSA as the application for TOPS. LAC 28:IV § 501.A.1 and § 501.A.2 state what sections of the FAFSA must be completed by different types of Opportunity, Performance and Honors applicants. No application other than the FAFSA has been adopted; therefore, there is no alternative method of applying for a TOPS award.
 4. If there is no alternative application method, does LASFAC, as the administering agency pursuant to LSA-R.S. 17:3048.1(C), have the authority to establish rules which govern the implementation of the TOPS program and thereby implement an alternative application pursuant to 17:3048.1(C)(2)(b)?
LASFAC, as the administering agency, has the authority to "provide by rule adopted as provided by the Administrative Procedure Act for all matters necessary to the implementation of this Section." LSA-R.S.17:3048.1(C)(1). LSA-R.S. 17:3048.1(C)(2)(b) provides:
 (2) Except as otherwise provided by this Paragraph, the administering agency by rule shall provide for:
* * *
 (b) Applications, forms, financial audit procedures, eligibility and other program audit procedures, and other matters related to efficient operation, including timelines and deadlines for receipt by the administering agency of any information required to implement the provisions of this Chapter. The administering agency may provide an alternative application for students who can demonstrate they do not qualify for federal grant aid.
Under this provision, LASFAC has the authority, by rule, to adopt the application process to be used for TOPS awards, as long as the rule is adopted in compliance with the Administrative Procedure Act and is not in violation of a constitutional provision or does not exceed the statutory authority of the agency. The federal grant application requirement and exemption in LSA-R.S. 17:3048.1(J) are the only limits placed on LASFAC's statutory authority to provide for applications. LASFAC can adopt any application process, as long as it is in compliance with LSA-R.S.17:3048.1(J). The types of applications allowed and prohibited by LSA-R.S. 17:3048.1(J) are discussed in our response to question number one. If LASFAC chooses to adopt more than one type of application it may do so, based on its rulemaking authority set forth in LSA-R.S.17:3048.1(C)(1) and (C)(2)(b).
 5. Does LSA-R.S. 17:3048.1 require continuing TOPS students to reapply for the award as sophomores, juniors and seniors?
LSA-R.S. 17:3048.1(A)(4) sets forth the requirements for maintaining eligibility to receive a TOPS award. It requires that continuing students make "steady academic progress as defined by the administering agency." LSA-R.S. 17:3048.1(A)(4)(a)(i). LSA-R.S. 17:3048.1(A)(4) also requires students to be enrolled in a minimum number of hours, to be continuously enrolled, to maintain a minimum grade point average, have no criminal conviction and, if applicable, to have received an honorable or general discharge from the United States Armed Forces. LSA-R.S. 17:3048.1
does not address the application process for sophomores, juniors and seniors, but indicates that, subject to the specific requirements established by rule, continued state payment will be maintained if the above referenced conditions set forth in LSA-R.S. 17:3048.1(A)(4) are met. LASFAC has adopted rules setting forth the requirements for maintaining eligibility for a TOPS award, including provisions governing the reapplication process.
 6. Do the Louisiana Administrative Code rules governing TOPS require continuing TOPS students to reapply for the award as sophomores, juniors and seniors?
LAC 28:IV § 705 establishes the specific criteria that must be met by a TOPS award recipient to continue receiving an award as a sophomore, junior and senior. Included in the criteria is § 705.A.2, which provides that a recipient must "submit a renewal FAFSA in accordance with § 501.B." Section 501.B entitled "Renewal Application" states:
 1. In order to remain eligible for TOPS awards, a student must file a renewal FAFSA by the deadline set in § 503 (unless the student can demonstrate that he does not qualify for federal grant aid because of his family's financial condition).
 2. Students who can demonstrate that they do not qualify for federal grant aid because of their family's financial condition are not required to submit a renewal FAFSA.
 3. In the event of a budgetary shortfall, applicants who do not file a FAFSA or who do not complete all sections of the FAFSA will be the first denied a TOPS award.
LAC 28:IV § 501.B establishes different renewal application requirements for those students who qualify for federal grant aid and those students who can demonstrate that they do not qualify for federal grant aid. LAC 28:IV § 501.B.1 requires that sophomores, juniors and seniors who qualify for federal grant aid file a renewal FAFSA and, as a result, apply for a federal grant. LAC 28:IV § 501.B.2 indicates that sophomores, juniors and seniors who can demonstrate that they do not qualify for federal grant aid are not required to submit a renewal FAFSA and, as a result, are not applying for a federal grant. LAC 28:IV § 501.B.3 further supports the establishment of the differing requirements by indicating that there may be applicants who do not file a FAFSA or who do not complete all sections of the FAFSA, with both types of applicants to be denied an award in the event of a budgetary shortfall. LAC 28:IV § 501.B complies with the statutory requirements set forth in LSA-R.S. 17:3048.1(J).
 7. If students are not required to reapply, what is the method prescribed for the continuation of the award if a student has met the criteria for maintaining his or her award?
LSA-R.S. 17:3048.1(A)(4) and LAC 28:IV § 705 establish the criteria that must be met to maintain a TOPS award. One of those criteria in § 705.A.2 is the submission of a renewal FAFSA in accordance with § 501.B. As discussed above, § 501.B does not require a student to file a renewal FAFSA if he can demonstrate that he does not qualify for federal grant aid. If students in that category of recipients do not submit a renewal FAFSA, they are in compliance with § 705.A.2 and § 501.B; therefore, if all other criteria have been met, they are entitled to the continuation of the award. There is no method or procedure in LSA-R.S. 17:3048.1 or the LAC rules that identifies how LASFAC tracks such students to continue the award.
 8. Does LSA-R.S. 17:3048.1 provide for a method of elimination of awards due to an insufficient appropriation?
LSA-R.S. 17:3048.1(G) states that "(i)mplementation of the tuition payment program provided by this Section shall be subject to the appropriation of funds for this purpose." LSA-R.S. 17:3048.1(N) provides:
 (1) In the event the legislature appropriates insufficient money to fund all awards made to students qualifying under the provisions of this Section, the number of students to whom awards shall be made shall be reduced as necessary pursuant to a procedure set out by rule adopted by the administering agency. The procedure shall provide for such reduction to be based on the scores on the American College Test and then on the ability of each student's family to pay the student's tuition as evidenced by the expected family contribution determined by using the standardized federal methodology for establishing student financial need. The procedure shall provide that reductions of awards made necessary by insufficient appropriations shall first eliminate the cohort of students who score lowest on the American College Test. The procedure shall provide that within that cohort of students, those whose families are most able to pay the student's tuition shall be eliminated first. After insufficient appropriations require the elimination of all students in such cohort, the procedures shall require repeating the process with those students in the next highest score cohort.
 (2) Among students denied their awards as provided in this Subsection, those students whose families have the least capacity to pay shall be the first to receive their awards if monies become available. Any student for whom the expected family contribution cannot be determined as provided for in Paragraph (1) of this Subsection shall be denied his awards until the legislature appropriates sufficient monies to fund all awards made to students qualifying under the provisions of this section.
Pursuant to LSA-R.S. 17:3048.1(N), in the event of an insufficient appropriation, the procedure for reducing awards is to be set out by rule adopted by the administering agency. LSA-R.S. 17:3048.1(N) goes on to set forth mandatory provisions for reduction that the rule adopting the procedure is to reflect. LSA-R.S. 17:3048.1(N)(1) mandates that the procedure provide for the elimination of awards based first on ACT score and then on the ability of each student's family to pay the student's tuition based on the EFC. The reduction is to begin with the cohort of students who score the lowest on the ACT. Within that cohort of students, the elimination begins with those families most able to pay the tuition and continues based upon families' capacities to pay. If all of the students within that cohort are eliminated, the process is repeated in the next highest score cohort.
LSA-R.S. 17:3048.1(N)(2) addresses how awards that have been eliminated within ACT cohorts as provided in LSA-R.S. 17:3048.1(N)(1) should be distributed if monies become available. Students of families that have the least capacity to pay shall be the first to receive their awards if monies become available. This essentially provides for the distribution to take place in the reverse order that the reduction occurred. LSA-R.S. 17:3048.1(N)(2) also addresses how an inability to determine a student's EFC when implementing the ACT cohort reduction process in LSA-R.S. 17:3048.1(N)(1) affects the distribution of monies that become available. An inability to determine a student's EFC will occur if a student does not submit financial data on the initial or renewal FAFSA or does not submit a renewal FAFSA, because the FAFSA is currently the only method adopted to gather the information necessary to determine a student's EFC. In such cases, those students will not receive their award if monies become available until the legislature appropriates sufficient monies to fund all awards. A reading of LSA-R.S.17:3048.1(N)(1) and (N)(2) together indicates that those students whose expected family contribution cannot be determined should be the first to be eliminated within his or her ACT cohort.
 9. Do the Louisiana Administrative Code rules governing TOPS provide for a method of elimination of awards due to an insufficient appropriation?
Pursuant to the directive set forth in LSA-R.S. 17:3048.1(N) and its rulemaking authority, LASFAC has adopted LAC 28:IV § 2107.C, which sets forth the procedures for the elimination of awards due to an insufficient appropriation. § 2107.C states:
C. Insufficient Funds Appropriated
 1. All LASFAC administered State Scholarship and Grant Program Awards are contingent upon the annual appropriation of funds by the Louisiana Legislature.
 2. In the event appropriated funds are insufficient to fully reimburse institutions for awards and stipends for all students determined eligible for the TOPS Opportunity, Performance, Honors and TECH Awards for a given academic year, then the number of eligible students shall be reduced in accordance with the following procedures until such funds are sufficient.
 a. Applicants who do not submit financial data on the initial FAFSA or a renewal FAFSA or who do not submit a renewal FAFSA to allow determination of eligibility for federal aid will be the first students eliminated from consideration if insufficient funds are appropriated for the program.
 b. After the elimination of students under § 2107.C.2.a, if funds are still insufficient to award all of those students who remain eligible for award year 1998-99, then those students qualified by the actions of the First Extraordinary Session of 1998 shall be funded only after all awards to all students who are eligible pursuant to the requirements of this Chapter as they existed prior to any Act of the 1998 First Extraordinary Session of the Legislature are fully funded. Students qualified by actions of the First Extraordinary Session of 1998 include the following:
 i. students qualified by reduction of Foreign Language requirement for 1996-97 and 1997-98 graduates;
 ii. students qualified as Exceptional Students/Students with disabilities;
 iii. students who graduated from out-of-state high schools; and,
 iv. students who completed an Approved Home Study Program.
 c. After the elimination of students in § 2107.C.2.a and b, if funds are still insufficient to award all of the remaining students, then those who remain will be prioritized according to their ACT score and, within ACT score, by their EFC in ranges of $1,000, from lowest to highest. Beginning with the lowest qualifying ACT score, the students with the highest EFC shall be eliminated until the funds available are sufficient to award all remaining students or until all students with that ACT score have been eliminated. This process shall be repeated, beginning with the lowest ACT score and progressing to the highest ACT score, until the projected expenditure for awards equals the funds appropriated for that purpose.
 d. After the elimination of students in § 2107.C.2.a, if funds are sufficient to award all students who were eligible prior to the Act of the 1998 First Extraordinary Session of the Legislature, but are insufficient to award all students made eligible under such Act and listed in § 2107.C.2.b, then those students made eligible by such Act shall be rendered ineligible by application of § 2107.C.2.c, above, until funds available are sufficient to award all remaining students.
 3. From among those students otherwise eligible who are denied an award because of the imposition of the procedures in § 2107.C.2, if additional funds subsequently become available for expenditure in the same award year, those students who have the highest ACT scores and the least capacity to pay, as evidenced by their families' lower EFC, shall be the first to be awarded by reversing the procedure described in § 2107.C.2.c.
The application provisions in LAC 28:IV § 501.A.3 and § 501.B.3 reiterate the category of students to first be eliminated as set forth in § 2107.C.2.a.
As previously discussed, rules are adopted by administrative agencies to further the legislative will set forth in statutes. Rules of statutory interpretation require that the word "shall" is mandatory. LSA-R.S. 1:3. The use of the word "shall" in a statute gives the rule-making agency no discretion in setting forth procedures other than those spelled out in the legislation. Bueto v. Video Gaming Division, Office of StatePolice, Department of Public Safety, 94-0334 (La.App. 1 Cir. 3/4/94),637 So.2d 544. An agency cannot substitute its judgment for that of the legislature. Charbonnet v. Board of Architectural Examiners et. al.205 La. 232, 17 So.2d 261 (La. 1944); Kramer v. State Board of VeterinaryMedical Examiners, 55 So.2d 93 (La. 1st Cir. 1951). As discussed in the response to your eighth question, LSA-R.S. 17:3048.1(N) provides that reductions shall be made pursuant to a procedure set out by rule and what the procedure shall provide.
LAC 28:IV § 2107.C.2.a provides that the first category of students whose awards would be eliminated in the event of an insufficient appropriation are those who do not submit financial data on the initial or renewal FAFSA or who do not submit a renewal FAFSA. LAC 28:IV § 2107.C.2.b establishes the next category of students whose awards would be eliminated, but appears to apply specifically to award year 1998-99. The ACT cohort system of reduction is established in § 2107.C.2.c as the final group of students whose awards would be eliminated. LSA-R.S.17:3048.1(N) provides that the procedure shall provide for reductions to be based on ACT score and then on the student's Expected Family Contribution. It specifically states that the procedure shall first eliminate the cohort of students who score lowest on the ACT. Students whose EFC cannot be determined should be the first eliminated within their ACT cohort.
LASFAC only has the power and authority granted in LSA-R.S. 17:3048.1. Although its grant of authority includes the promulgation of rules for all matters necessary for the implementation of the program, LSA-R.S.17:3048.1(N) specifically mandates the type of procedure that should be adopted for the reduction of awards in the event of an insufficient appropriation. As a result of this mandatory language, LASFAC's grant of authority in reference to rules implementing a reduction procedure is limited to the establishment of rules consistent with the mandate in LSA-R.S. 17:3048.1(N). An administrative agency cannot adopt and enforce an administrative rule that enlarges the powers delegated to it by the legislature. Realty Mart, Inc. v. Louisiana Board of Tax Appeals,336 So.2d 52 (La.App. 1st Cir. 1976); Kramer v. State Board of VeterinaryMedical Examiners, 55 So.2d 93 (La.App. 1st Cir. 1951).
A rule establishing a procedure which does not first eliminate those students who scored lowest on the ACT is contrary to the statutory mandate set forth in LSA-R.S. 17:3048.1(N). By adopting § 2107.C.2, it is the opinion of this office that LASFAC has exceeded its statutory authority.
 10.Would continuing sophomores, juniors and seniors receiving TOPS awards be subject to the elimination of an award due to an insufficient appropriation?
Neither LSA-R.S. 17:3048.1(N) nor LAC 28:IV § 2701, differentiate between students who are freshmen, applying for the first time, and students who are sophomores, juniors and seniors maintaining their award. Under both provisions, all TOPS award recipients are subject to an elimination of award in the event of an insufficient appropriation. Pursuant to LSA-R.S. 17:3048.1(N), the elimination is to begin with those students who scored lowest on the ACT. Currently, the lowest ACT score, which qualifies a student to receive a TOPS TECH award, is a seventeen (17). 17:3048.1(B)(2)(a)(ii); LAC 28:IV § 803.A.7.a. The reduction process would begin with all students, including sophomores, juniors and seniors, within that ACT cohort.
Although the elimination process will apply to all classes of students, depending upon the ACT score required for eligibility when receiving the award as first-time freshmen, the process may result in more awards being eliminated from one class before another class. For example, in order to qualify for an "Opportunity Award," a student must have "a composite score on the 1990 version of the American College Test which is at least equal to or higher than the state's average composite score, rounded to the nearest whole number, reported for the prior year but never less than nineteen . . ." LSA-R.S. 17:3048.1(A)(1)(b)(i). The state average composite score may differ each year. Therefore, if the average ACT score for the entering senior class was nineteen (19) and the average ACT score for the entering freshmen class is twenty (20), the seniors within the 19 ACT cohort would be eliminated before the freshmen in the 20 ACT cohort. Similarly, to qualify for a TOPS TECH award, students graduating from high school through the 1999-2000 school year had to score a 19 or higher on the ACT to qualify for an award, whereas students graduating during the 2000-2001 school year and thereafter have to score a 17 or higher to qualify for an award. LSA-R.S.17:3048.1(B)(2)(a). As a result, if insufficient funds are appropriated, the TOPS TECH award recipients beginning with 2000-2001 graduates scoring a 17 or 18 would be subject to award elimination prior to those graduating through the 1999-2000 school year.
 11. Applying the method of elimination of awards due to an insufficient appropriation, how would an insufficient appropriation affect a student that scored a 28 on the ACT and did not complete the financial portion of the FAFSA when applying for TOPS compared to a student that scored a 20 on the ACT and completed the entire FAFSA when applying for TOPS?
As set forth above, it is this office's opinion that LASFAC has exceeded its statutory authority in the adoption of the award reduction procedure in LAC 28:IV § 2107.C.2. For purposes of discussion, we will answer this question applying the method of reduction mandated in LSA-R.S. 17:3048.1(N) and the method set forth in LAC 28:IV § 2701.C.2. As previously discussed, the reduction procedure mandated in LSA-R.S. 17:3048.1(N) calls for the reduction to proceed from the lowest ACT cohort to the highest ACT cohort. Applying this procedure to the facts provided would result in the student who scored a 20 on the ACT being subject to elimination prior to the student who scored a 28 of the ACT. Among those students within the ACT cohort scoring a 20 whose awards are eliminated, the student who completed the entire FAFSA would be ranked according to his EFC. After the elimination of the awards of those students within the 20 ACT cohort who did not complete the financial portions of the FAFSA, elimination of awards would proceed, beginning with students whose families are most able to pay based on EFC and continuing until all awards within that cohort are eliminated. The process would continue with the next highest ACT cohort. If the process reached the 28 ACT cohort, the student who did not complete the financial portion of the FAFSA would be the first eliminated within his ACT cohort.
The elimination method set forth in LAC 28:IV § 2107.C.2 would result in all students who did not submit financial data on the initial or renewal FAFSA or who did not submit a renewal FAFSA being eliminated first. Applying that method of elimination to the facts provided would result in the student who scored a 28 on the ACT being eliminated first, before the student who scored a 20 on the ACT. The student who scored a 20 on the ACT would be in the remaining group of students subject to elimination. Pursuant to § 2107.C.2.c, the elimination of awards would proceed based on the ACT cohort and EFC method mandated as the first method of elimination in LSA-R.S. 17:3048.1(N) and which has been previously discussed.
 12. Applying the method of elimination of awards due to an insufficient appropriation, how would an insufficient appropriation affect students who are within the cohort that scored the lowest on the ACT if they did not complete the financial portion of the FAFSA when applying for TOPS?
We refer you to our previous discussion of the reduction procedure mandated in LSA-R.S. 17:3048.1(N). Applying the facts provided, the awards of students within the cohort that scored the lowest on the ACT and did not complete the financial portion of the FAFSA would be the first to be eliminated. A student within the lowest ACT cohort who does not complete the financial portion of the FAFSA is also affected in the distribution of awards if monies become available. LSA-R.S.17:3048.1(N)(2) addresses what will occur if monies become available and states that any student whose expected family contribution cannot be determined when awards are being reduced pursuant to LSA-R.S.17:3048.1(N)(1) "shall be denied his award until the legislature appropriates sufficient monies to fund all awards made to students qualifying under the provisions of this Section". For example, assume that the appropriation necessary to fund awards of all students within the lowest ACT cohort is $10 million. Also assume that the TOPS appropriation is insufficient by $10 million, with $5 million worth of awards having been scheduled to go to students who completed the FAFSA and $5 million having been scheduled to go to students who did not complete the entire FAFSA or a renewal FAFSA. If $8 million in appropriations becomes available, the students who completed the FAFSA would receive their awards, with $3 million remaining. The students who did not complete the FAFSA and were to receive the $5 million worth of awards for which initially there were insufficient appropriations will not receive their awards. Pursuant to LSA-R.S. 17:3048.1(N)(2) in order for those students to receive their awards after a reduction has occurred, enough money must be appropriated to fund all awards. Because $3 million is insufficient to satisfy the $5 million needed, $3 million would remain unused.
Your last four questions involve the method of elimination of awards due to an insufficient appropriation. The method of elimination of awards that was discussed involves applicants' EFC. Currently, because all students are being required to submit a FAFSA to a federal processor, the EFC is determined based upon the information submitted therein. If a student does not complete the financial portions of the initial or renewal FAFSA or does not submit a renewal FAFSA, the EFC cannot be determined. As found in this opinion, LSA-R.S. 17:3048.1(J) exempts students who can demonstrate that they do not qualify for federal grant aid from applying for a federal grant by submitting a FAFSA to a federal processor. The adoption of a rule in compliance with LSA-R.S.17:3048.1(J) may result in more students whose EFC cannot be determined. As a result, LASFAC, if it chooses, may adopt its own method of determining EFC using the federal methodology set forth in20 U.S.C.A 1087nn through 20 U.S.C.A. § 1087qq and 20 U.S.C.A. § 1087ss.
I hope this opinion has sufficiently answered your inquiries. If I can be of further assistance to you, please let me know.
With best regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ Katherine M. Whitney Assistant Attorney General
RPI:KMW:lrs
DATE RELEASED: September 16, 2002