Dear Rep. Frith:
You requested the opinion of this office concerning a policy promulgated by the Commissioner of Financial Institutions and whether said policy is contrary to the Louisiana Deferred Presentment and Small Loan Act, as recently amended (the "Act").
The Act was amended by Act 1272 of the 2003 Regular Session (AAct 1272") to allow lenders to sell and finance services, including but not limited to utility payment services, financial or tax services, or the sale of prepaid telephone services and telephone-related products which are not financed with the proceeds of the loan.
On the same day that Act 1272 became effective, the Commissioner of Financial Institutions (the "Commissioner") adopted a policy requiring the keeping of records with respect to loans made pursuant to the Act, and also prohibiting the making of a loan to a customer who purchases a telephone service within ten days of the sale. The policy further allows a lender to accept utility bill payments from consumers provided the lender does not charge the consumer a fee for same.
Under the Act, the Commissioner of Financial Institutions (the "Commissioner") is given the authority to adopt rules and regulations as he deems necessary to implement the purposes of the Act (La.R.S.9:3578.6).
As stated in Kramer v. State Board of Veterinary Medical Examiners,55 So.2d 93, 95 (La.App. 1st Cir. 1951), an administrative body is "without authority to enlarge the powers delegated to it by the Legislature." In Kramer, the Court found the statute giving the State Board of Veterinary Examiners the power to examine into the qualifications of applicants for certificates to practice veterinary medicine or surgery did not empower it to set rules pertaining to qualifications for applicants before examination. In Pearce v. Kramer,128 So.2d 304 (La.App. 3d Cir. 1961), the Commissioner of Agriculture sought to enforce a regulation adopted with regard to milk pricing. In ruling the regulation invalid, the court stated that "an administrative officer may apply only the policy declared in the statute with respect to the matter as to which he purports to act, and he may not set different standards or change the policy." Ieyoub v. World Christian Church, 94 0364 (La.App. 1 Cir. 12/22/94) 649 So.2d 771.
There can be no question but that the policy of the Commissioner is more narrow than the provisions of Act 1272. The policy prohibits a lender from making a loan to a customer who purchases a telephone service or product within 10 days before to 10 days after the sale. There is no similar language in Act 1272. The policy also states that a lender may not charge a fee for selling or financing a utility payment service, even though Act 1272 specifically authorizes a lender to sell or finance a utility payment service. Accordingly, it is the opinion of this office that the Commissioner is attempting to set different policies than those enacted by the legislature and such policy would be invalid.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH